FREDERICK A. WHITTLESEY, as Receiver, etc., Appellant, v. SARAH A. FRANTZ, Administratrix, etc., Respondent.

A proceeding for the appointment of a receiver of a corporation under the provisions of the Revised Statutes relating to "proceedings against corporations in equity" (2 R. S., 463, § 36) is a proceeding against the corporation; and, if the appointment of a receiver therein is binding upon the corporation, no one else can question it.

The jurisdiction of the court to entertain the proceeding does not depend upon the truth of the facts alleged in the petition; if it allege sufficient facts, and the court is called upon to decide whether they are established, its determination whether rightful or not does not affect its jurisdiction.

F. was a subscriber to the capital stock of "The Excelsior Hay Carrier Company, of *Rochester, N. Y.*," a manufacturing corporation, his subscription was not paid. R. & H. commenced an action against "The

Excelsior Hay Carrier Company," the summons was served on the treasurer of said corporation, judgment taken by default, execution issued, and returned unsatisfied, the name of defendant being stated as in the summons. R. & H. thereupon presented a petition, under said provision of the statute, for the sequestration of the property of "The Excelsior Hay Carrier Company, of Rochester, N. Y.," alleging the recovery of judgment against that corporation, the issuing and return of the execution, etc. The petition was duly served on the treasurer of the company; it did not appear, but made default, and an order was made sequestrating its property and appointing plaintiff as receiver. In an action to recover on the stock subscription the facts in relation to the judgment and execution were shown on trial, and plaintiff was nonsuited on the ground, among others, that the judgment was void, because of the misnomer, *held*, error; that the corporation could not assail the order collaterally; and, it being concluded, so long as the order remained unreversed, third persons were concluded also; also, that the corporation, by not appearing and pleading the misnomer in abatement, waived any objection on that ground to the validity of the judgment (2 R. S., 459, § 14), and the judgment was, therefore, valid against the corporation.

The motion for nonsuit was also made on the ground of an alteration in the subscription paper. Defendant's subscription was made after that of one C. The subscription paper, when produced on trial, showed the name of C. canceled by lines across it, and opposite it appeared the words "By agree't Mar. 5, 1873," a date subsequent to the time defendant subscribed; no explanation of the cancellation aside from the paper was given. *Held*, that the alteration did not *per se* discharge defendant; that each subscription constituted a separate and independent agreement, and in the absence of proof, there could be no presumption that defendant was induced to subscribe because C. had done so.

(Argued September 18, 1878; decided October 1, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order denying a motion for a new trial, and directing judgment on an order nonsuiting plaintiff on trial, where exceptions were ordered to be heard at first instance at General Term.

The nature of the action and the facts appear sufficiently in the opinion.

*Theodore Bacon*, for appellant. Plaintiff's appointment appearing by the record its regularity cannot be questioned collaterally, or otherwise, than in a direct proceeding for

that purpose. (*Sagory* v. *Dubois*, 3 Sandf. Ch., 485, 486; *Bangs* v. *Duckinfield*, 18 N. Y., 592, 596–597; *Potter* v. *Merchants Bk.*, 28 id., 641, 653; *Battershall* v. *Davis*, 31 Barb., 323, 327; *Vermont and Canada R. R.* v. *Vermont Central R. R. Co.*, 46 Vt., 792; *Flinn* v. *Chase*, 4 Denio, 85, 89; *Sheldon* v. *Wright*, 1 Seld., 497; *James* v. *Adams*, 22 How. Pr., 409; *Roderigas* v. *East River Sav. Inst.*, 63 N. Y., 460.) The proofs given established the regularity and validity of plaintiff's appointment even as against the corporation itself. (*Bangs* v. *Duckinfield*, 18 N. Y., 592, 596–597; 2 R. S., 459, § 14; *Trustees, etc.*, v. *Tryon*, 1 Denio, 451, 453–454; *Barnes* v. *Perine*, 9 Barb., 202; *Miller* v. *Stettenger*, 7 Bosw., 692; *First Nat. Bk.* v. *Jaggers*, 31 Md., 38; *Lafayette Ins. Co.* v. *French*, 18 How. [U. S.], 409; *Guinard* v. *Heysinger*, 15 Ill., 288; *Dutch West India Co.* v. *Van Moses*, 1 Strange, 612, 614; *Crawford* v. *Satchwell*, 2 id., 1218; *Oakley* v. *Giles*, 3 East, 167; *Smith* v. *Patten*, 6 Taunt., 115; Freeman on Judgments, § 154.) The fact that Churchill's subscription was canceled did not relieve Frantz from his obligation to pay his. (*R. and W. P. R. Co.* v. *Welsel*, 21 Barb., 56; *Erie and N. Y. C. R. R. Co.* v. *Patrick*, 2 Keyes, 256; *L. O., etc., R. R. Co.* v. *Mason*, 16 N. Y., 451, 462–463; *Webster* v. *Upton*, 91 U. S., 65; *Currier* v. *Leb. State Co.*, 56 N. H., 262.)

*Geo. F. Danforth*, for respondent. To entitle plaintiff to maintain this action he was bound to show that a judgment had been recovered against the corporation named, and an execution issued thereon returned unsatisfied. (2 R. S., 483, § 36, tit. 4, art. 2. pt. 3, chap. 8; *Rastale* v. *Stratton*, 1 H. Black., 49; *Purcell* v. *Macnamara*, 9 Lamb., 160.) The record of judgment and execution were the only proofs which plaintiff could offer in support of his complaint, and they failed to sustain it. (*Philipson* v. *Mangles*, 11 East, 516; *Toof* v. *Bentley*, 5 Wend., 276; *Webb* v. *Alexander*, 7 id., 281.) As there was a failure of proof of any judgment or execution against the company of which defendants

were members the case was not within the statute. (*Galway* v. *U. S. S. Sugar Ref. Co.*, 30 Barb., 256; *Farnham* v. *Hildreth*, 32 id., 277; *Miller* v. *Foley*, 28 id., 630.) The court acquired no jurisdiction over "The Excelsior Hay Carrier Company, of Rochester, N. Y.," by virtue of a summons or complaint served on "The Excelsior Hay Carrier Company." (*Cole* v. *Hindson*, 6 T. R., 234.) The order appointing plaintiff receiver was not important as against defendant, in the absence of proof of the facts upon which its validity must depend. (1 Gr. Ev., § 522; *People* v. *Soper*, 7 N. Y., 431; *White* v. *Evans*, 47 Barb., 179; *Suprs.* v. *Budlong*, 51 id., 515.) Plaintiff was bound to explain the alteration in the subscription paper, if it was susceptible of explanation before a recovery could be had upon it. (1 Greenl. on Ev., § 564, and notes.)

ANDREWS, J. This action was brought to recover from the original defendant, Frantz, on his subscription to the capital stock of "The Excelsior Hay Carrier Company, of Rochester, N. Y.," a manufacturing corporation, organized under the act of 1848. The defendant, after the organization of the company, subscribed for twenty shares of its stock, of the par value of $100 each, and no part of the subscription has been paid. On the 12th of February, 1874, Raymond and Huntington commenced an action against "The Excelsior Hay Carrier Company" upon a note purporting to be made by that company and the summons was served on the treasurer of "The Excelsior Hay Carrier Company *of Rochester, N. Y.*," and judgment was taken by default, and execution thereon was issued and returned unsatisfied. The execution followed the judgment and directed the collection thereof out of the property of "The Excelsior Hay Carrier Company." The plaintiffs in the judgment, after the return of the execution, presented a petition to the Supreme Court, under the *thirty-sixth* section of the article of the Revised Statutes, entitled "of proceedings against corporations in equity;" (2 R. S.,

462), for the sequestration of the property and effects of "The Excelsior Hay Carrier Company of Rochester, N. Y.," and the appointment of a receiver. The petition alleged the recovery by Raymond & Huntington of a judgment against that corporation, (specifying the date and amount of the judgment) and the issuing and return of an execution thereon unsatisfied.

No reference was made in the petition to the variance between the name of the corporation, as specified in the pleadings, judgment and execution, and the name in the certificate of incorporation. The petition was duly served on the treasurer of the company. The company did not appear on the hearing of the petition, but made default, and an order was made sequestrating the property of the corporation and appointing the plaintiff receiver. The plaintiff thereupon brought this action and was nonsuited at the circuit. The facts in relation to the judgment and execution in the action of Raymond & Huntington were shown upon the trial, and one of the grounds of nonsuit was that the judgment, by reason of the mis-nomer of the corporation, was void and did not bind the company, and that the court had therefore no jurisdiction to appoint a receiver, under the thirty-sixth section of the statute. That section provides that "whenever a judgment at law, or a decree in equity, shall be obtained against any corporation, incorporated under the laws of this State, and an execution issued thereon shall have been returned unsatisfied in part or in the whole, upon the petition of the person obtaining such judgment or decree, or his representatives, the Court of Chancery may sequestrate the stock, property, things in action and effects of such corporation, and may appoint a receiver of the same." The Supreme Court has succeeded to the power possessed by the Court of Chancery under this section, and it was decided in *Bangs, receiver,* v. *Duckinfield* (18 N. Y., 592), that in exercising the power thereby conferred it acts as a court of general jurisdiction.

The proceeding for the appointment of a receiver, under

this section, is a proceeding against the corporation, and if the appointment of a receiver under it is binding upon the corporation, no one else can question it. The petition alleged all the facts necessary to give the court jurisdiction. It alleged the recovery of a judgment against the corporation, and the return of an execution unsatisfied. The jurisdiction of the court to entertain the proceeding did not depend upon the truth of the facts alleged in the petition. The existence of a valid judgment against the corporation and the return of an execution unsatisfied was properly averred, and the court was called upon to decide whether the facts alleged were established, and whether it decided rightly or not was not a matter affecting its jurisdiction. The corporation could have come in and denied the facts stated in the petition, and have appealed from the order, and procured its reversal, but it could not assail it collaterally by showing that the facts stated in the petition were unproved on the hearing or even that they had no existence, and the corporation being concluded so long as the order stands unreversed, third persons are concluded also.

But there is another answer to the objection founded upon the misnomer in the suit brought against the company. The company, by not appearing and pleading the mis-nomer in abatement, waived any objection on that ground to the validity of the judgment. The statute provides, (2 R. S., 459, § 14) that "in suits or proceedings by or against any corporation a mistake in the naming of such corporation shall be pleaded in abatement; and if not so pleaded, shall be deemed to have been waived." The objection is waived unless pleaded, and this as well when the corporation suffers a default as when it appears and answers. It is unnecessary to consider whether the judgment would bind the corporation at common law and in the absence of a statutory provision. The judgment was therefore a valid judgment against the company, notwithstanding the misnomer, and if it had appeared upon the hearing of the petition, it could not have resisted the appointment of a receiver upon the objection now taken.

The motion for nonsuit was made on the additional ground that the defendant was discharged from his subscription by an alteration in the subscription-paper, made after he signed it.

The defendant's subscription was made after that of several other persons, and among others that of one Churchill, who had subscribed for fifty shares of the stock. On producing the subscription-paper on the trial, the name of Churchill was canceled by lines drawn through it, and opposite his name were the words "By agree't, Mar. 5, '73 ; " and the testimony tends to show that this date was subsequent to the time of the subscription by the defendant. There is no explanation of the cancellation, outside of the paper itself. The alteration did not, we think, *per se* discharge the defendant from his subscription. His contract with the company to take and pay for the shares was several. The consideration upon which he agreed to pay the amount subscribed was the interest he would thereby acquire in the property of the corporation and the profits of its business. Each subscription constituted a separate and independent contract between the subscriber and the company. In the absence of proof, there can be no presumption that the defendant was induced to make his subscription because Churchill had agreed to take an interest in the same enterprise, and the suggestion that the defendant may have been influenced by the prior subscriptions is mere speculation. It may very well be that a fraudulent release by the company of other subscribers would, as between the defendant and the corporation, have discharged the former from his obligation to take and pay for the stock. But this does not appear, and cannot be presumed.

The contract of the defendant was not in a legal sense altered or affected by the discharge of Churchill, and the mere proof of the cancellation of his subscription by agreement with the company, made, as we must presume, *bona fide* and for proper reasons, furnishes no ground of defense ; and nothing further being shown, the plaintiff was not called

upon to explain or justify the action of the company, or to account for the cancellation.

These views lead to a reversal of the judgment. No questions other than those we have considered have been called to our attention.

The judgment should be reversed.

All concur, except MILLER and EARL, JJ., absent; CHURCH, C. J., concurring in result.

Judgment reversed.