## IN THE MATTER OF THE ASSIGNMENT OF JOEL B. FARNAM, FOR THE BENEFIT OF CREDITORS.

In proceedings under the provision of the act of 1860 (§ 4, chap. 348, Laws of 1860), in relation to assignments for the benefit of creditors, which gives to the county judge power, upon the petition of any creditor, to compel an assignee to account, *held,* that a petition duly verified, averring the petitioner to be a creditor, was sufficient to give the county judge jurisdiction, and that, although the truth of this allegation was denied by the assignee in his answering affidavit, this did not oust the judge of jurisdiction, or compel the petitioner to establish, by a suit or proceeding, *aliunde,* the validity of his claim.

Also, *held,* that it was not necessary for the petitioner to profess in his petition that he moved in behalf of the other creditors.

Also, *held,* that the fact that the assignee did not give the bond required, did not shield him from a liability to show what has become of the property which went into his hands, where the allegation is that he has converted it to his own use.

The petition averred that the assignment was made and filed, and infer-
entially, that it was delivered; also that the assignee entered upon the
execution of the trusts, took possession of the trust estate, and sold
and disposed of a large amount thereof. The affidavit of the assignee
admitted the execution of the assignment, and alleged substantially that
he did not accept the trust, but took the property by appointment of the
creditors. *Held*, that this averment did not oust the judge of jurisdiction,
but simply raised an issue for his determination.

(Argued October 1, 1878; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, affirming an order of
Special Term requiring John Hopkins, as assignee for the
benefit of creditors of Joel B. Farnam, to make and file his
accounts, etc.    (Reported below, 14 Hun, 159.)

The order of Special Term was based upon a petition of
Amy Farnam, duly verified, which alleged, in substance,
that in February, 1874, said Joel B. Farnam made and exe-
cuted a general assignment of his property, in due form as
prescribed by the act chap. 348, Laws of 1860, to said
assignee, who entered upon the execution of the trusts, took
possession of the trust estate to the amount of about $9,000,
and sold and disposed of a large amount thereof for cash,
but has never filed the bond required by law; that the
petitioner was a creditor of the assignor; that the assignee
has never declared a dividend or filed an account, or paid
the petitioner anything on her claim, but has converted the
whole, or a great portion of the trust estate, to his own use.
Said Hopkins appeared and filed an affidavit in answer to the
petition, in which he admitted the execution of the assignment,
and alleged, in substance, that subsequently a meeting of the
creditors was held, at which it was resolved that deponent take
possession of the property, dispose of the same, and apply the
proceeds *pro rata* to the payment of the debts of the insol-
vent; that acting under this authority he took possession of
the goods, and, with the approval and consent of the assignor,
refused to qualify as assignee by giving a bond; that he
never acted, or pretended to act, as assignee, but as agent

of the creditors. Deponent also denied that the petitioner was the owner of, or had any, interest in any claim against the estate of Joel B. Farnam. Upon this affidavit the alleged assignee moved to dismiss the proceedings, which was denied, and the order appealed from was granted.

Further facts appear in the opinion.

*B. W. Cohn* and *Howard A. Sperry*, for appellant. Until Amy Farnam has established her claim as valid the county judge had no authority to compel the assignee to account on the petition herein, and it should be dismissed. (1 Burr. on Ass'mts., 526, 527; *Pratt* v. *Adams*, 7 Paige, 641; *Beach* v. *Fulton Bk.*, 3 Wend., 586; *Berrien* v. *McLean*, Hoff., 421; 4 Clinton's Dig., 3321, § 303; *Litchfield* v. *White*, 3 Sand., 545; *Dias* v. *Brunell*, 24 Wend., 9; 3 Clinton's Dig., 332, § 401; id., 321, § 306.) The petition should be dismissed because the proceedings were instituted for the sole benefit of the petitioner. (*Wakeman* v. *Grover*, 4 Paige, 23; *Egberts* v. *Wood*, 3 id., 517; *Russell* v. *Lasher*, 4 Barb., 232.) The acceptance of the trust by the assignee was not conclusive against him. (Burr. on Ass'mts., 310, 347.)

*John L. Lindsay*, for respondent. Acceptance of the trust by the assignee was conclusive as against him. (*Moses* v. *Murgatroyd*, 1 J. Ch., 119; *Shepperd* v. *McEvers*, 4 id., 136; *Nivl* v. *Mumford*, id., 523; *Ward* v. *Lewis*, 4 Pick., 518; *N. E. Bk.* v. *Lewis*, 8 id., 113; *Seal* v. *Duffy*, 4 Barr, 274; *Cunningham* v. *Freeborn*, 11 Wend., 241.)

FOLGER, J. First: The first point made is, that the petitioner has not established, by a judicial proceeding against the assignee, that she is a creditor of the estate. She avers in her petition that she is a creditor. The assignee, in his answering affidavit, denies it. He claims that this denial ousts the county judge of jurisdiction, and that the petitioners must, by a suit or proceeding *aliunde*, establish the validity

of her claim against the estate and her ownership of it. This point is not tenable.

The petition was presented to the county judge in 1876. As the law then stood, the county judge had power, upon the petition of any creditor, to compel an assignee in trust for the creditors of an insolvent debtor, to appear and show cause why an account should not be made. (Laws of 1860, chap. 348, p. 595, § 4.) The petition in this case did aver that the petitioner was the creditor of the assignor, and it was duly verified. This was enough, on that head, to give jurisdiction. We have just held in *Whittlesey, Rec'r, etc.,* v. *Frantz,*[*] that such an averment, in a petition for the appointment of a receiver of an insolvent corporation, is to be taken as true for the purpose of preliminary jurisdiction ; and that though it may be denied, and the truth of it contested, so long as it remains undisproved it is a sufficient basis of jurisdiction.

The affidavit of the assignee does here deny the truth of the averment; but that has no more effect than to make an issue for the county judge to hear, try and determine. The bare allegation of the affidavit does not, of its own force, destroy the averment of the petition and oust the county judge of jurisdiction.

Second. Nor was it necessary for the petitioner to profess, in her petition, that she came before the judge in behalf of all the other creditors, as well as herself. The statute makes not that requirement. The county judge is authorized to act upon the petition of any creditor. (See section above cited.)

Third. The fact that the assignee did not give the bond, as required by law, does not, upon an allegation that he has converted it to his own use, shield him from a liability to show what has become of the property which went into his hands. Though no bond was given, in the time named in the act, the property passed to the assignee and became vested in him. (*Thrasher* v. *Bentley*, 59 N. Y., 649; S. C., 1 Abb. [N. C.], 39, *Syracuse R. R. Co.* v. *Collins*, id., 47; *Brennan* v.

[*] 74 N. Y., 456.

*Willson*, 4 id. 279, in which last case *Rathbone* v. *Juliand*, 39 N. Y., 375, is discussed.) He was the assignee of it, though forbidden to sell or dispose of it to the purposes of the trust, until he had given a bond. And if he has never given a bond, and yet has disposed of the property in any way, he is liable to show how, and to account for it.

Fourth. The petition avers that the assignment was made and filed, and inferentially avers that it was delivered. It avers that Hopkins entered upon the execution of the trusts, and took possession of the trust estate, and has sold and disposed of a large amount of the property assigned. His affidavit avers that the assignment was executed to him, and sets up matter to the effect that he did not accept the trust under the assignment, but took the property of the debtor by appointment of the creditors. This averment must be taken as raising an issue, and no more. It presents a question for the determination of the county judge. It would never do, that on a petition being presented, on which to base an order for an accounting in these cases, the pursuit of it could be thwarted by the mere making and filing of an affidavit, denying the averments of the petition and setting up affirmatively matters, which, if shown to be true, would establish that no case for an order existed. Such affidavit must be looked upon in the light of a pleading, and as having the effect of only presenting an issue. The matters thus alleged, and denied or avoided, must be first looked into by the county judge. If it appears that he has not jurisdiction, the petition will be denied. But if it appears that there is an assignee, and that he is liable to account, the county judge will go on with the accounting.

The order should be affirmed.

All concur, except Miller and Earl, JJ., absent at argument.

Order affirmed.