## ARNOLD *v.* NORFOLK & NEW BRUNSWICK HOSIERY CO.

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

DEFAULT—WHEN OPENED—TERMS—LACHES—PAYMENT.

Where defendant suffered default for a large amount, not by any intention to evade the jurisdiction of the court, but by mistake as to the best form of presenting its defense, and the effect of the judgment may go beyond the particular case in suit, the default will be opened on terms, even though defendant was guilty of great laches, and the judgment has been paid, such payment not being voluntary.

Appeal from special term, Westchester county.

Action by Anna M. Arnold against the Norfolk & New Brunswick Hosiery Company on a license agreement whereby defendant bound itself, upon certain representations made by plaintiff's husband, agent and inventor, to pay royalties for the use of certain patents. From an order opening defendant's default, setting aside the judgment entered thereon, and permitting defendant to interpose an affirmative defense of fraud on which it demands a cancellation of the license agreement sued on, plaintiff appeals. Affirmed.

For former report, see 17 N. Y. Supp. 646.

Argued before BARNARD, P. J., and CULLEN, J.

*Blackwell Bros.,* for appellant. *Walter D. Edmonds,* for appellee.

CULLEN, J. This is an appeal from an order setting aside a judgment against the defendant entered by default for $11,077.25, and giving the defendant leave to answer. Two similar applications had previously been made and denied. No terms were imposed by the court at special term. It would hardly be profitable to recite the facts under which this default was suffered, long narratives of which are given in the papers on each side. The laches of the defendant were great. It certainly deserved much and probably all the censure passed upon it in the opinion of Mr. Justice BARTLETT denying the first motion to open the default. Still we think that the defendant's course was dictated, not by an intention to evade the jurisdiction of this court, but by an erroneous judgment as to the form and manner in which best to present its defense. The effect of this judgment may go beyond this case, though the amount involved in this case alone is large. In an action for subsequently accruing installments of royalty under the contract which is the basis of this suit, the circuit court held that the judgment suffered by default was conclusive as to the plaintiff's right to recover. That ruling this general term held erroneous. But the question is not free from doubt, and will remain a stumbling block in further litigations between the parties, until it is finally settled by the court of appeals. We think it wiser and fairer to give the defendant, despite its default, a full opportunity to present its defense in court and have it passed upon on the merits. The point raised by the plaintiff, that the defendant by paying the judgment is precluded from applying to open it, is untenable. Such payment is in no sense voluntary. It is a payment under compulsion of law. A defendant is under no obligation to suffer his property to be seized on execution in order that he may retain his right

to vacate the judgment or reverse it on appeal. But terms should have been imposed as a condition of opening the default. The plaintiff's expenses must have been large, and, as the amount involved is large, the defendant can well afford to make reasonable indemnity. The order appealed from will be affirmed on condition that the defendant pay the plaintiff the sum of $250 and the disbursements of this appeal, and on the stipulation that the defendant will not apply by motion or by action for restitution until it recovers judgment in its favor in this action.