PATRICK F. FITZGERALD, Appellant, *v.* WILLIAM J. MORAN et al., Respondents.

By a building contract it was provided in the specifications as to plastering that "King's Windsor cement" should be used and that the work should be done under the direction of a superintendent of King & Co. In another specification it was directed that the cement should be mixed "with equal parts good, sharp and dry sand." It was also provided that in case any dispute should arise respecting the true construction of the specifications, the same should be decided by B., the architect, "whose decision shall be final and conclusive." Plaintiff took a subcontract to do the plaster work. In an action to foreclose a mechanic's lien, it appeared that the mixture used was two parts sand to one of cement. Evidence was given by plaintiff to the effect that the variation from the specifications was by the direction of said superintendent. A letter written by the architect to plaintiff was also given in evidence, in which the writer, after stating that plaintiff was not doing the work according to contract, or following the instructions of the superintendent, required him to follow those instructions "to the letter." *Held,* that the superintendent had no authority under the contract to change the proportions of the mixture as fixed by the specifications, nor did the letter give any such authority; and so, a finding that plaintiff failed to perform his contract was proper.

(Argued February 9, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made August 11, 1892, which affirmed a judgment in

favor of defendants entered upon a decision of the court on, trial at Special Term dismissing the complaint.

This action was brought to foreclose a mechanic's lien filed by plaintiff, a sub-contractor, against defendants, the contractor and owner.

Plaintiff contracted to do the plasterer's work according to the written specifications of a building contract between the owner and the principal contractor. The defendants set up as a defense a substantial breach of the contract on the part of plaintiff.

The further material facts are stated in the opinion.

*Thomas F. Magner* for appellant.

*Thomas E. Pearsall* for respondents. Authority upon the part of King's man to vary the terms of the contract cannot be implied from a reading thereof. (*Genovese* v. *Mayor, etc.,* 23 J. & S. 397.) No rule of construction can be cited which bears out the plaintiff's claim; and the equities are clearly with the defendant. (*Coleman* v. *Beach,* 97 N. Y. 545; *Clark* v. *N. Y. L. Ins. Co.,* 64 id. 33; *Parshall* v. *Egger,* 54 id. 18; *Stapenhurst* v. *Wolff,* 3 J. & S. 25; *Russell* v. *Allerton,* 108 N. Y. 288.) The plaintiff cannot recover in this action without having first obtained the certificate of the architect. (*Voorhis* v. *Mayor, etc.,* 46 How. Pr. 117; *Glacius* v. *Black,* 50 N. Y. 145.)

ANDREWS, Ch. J. It is not claimed that the plaster was mixed with equal parts of sand and cement as required by the specifications. But the plaintiff claims that in preparing the mixture he followed the directions of the agent of J. B. King & Co., the manufacturers of the cement, and that by his direction the mixture was made of two parts of sand to one of cement. The specifications in respect to the plastering, after providing that King's Windsor cement should be used, and that the work should be done under the direction of a superintendent of J. B. King & Co., in the next specification

directed that the cement should be mixed " with equal parts good, sharp and dry sand." There is some evidence tending to show that the variation from the specifications in the proportions of sand and cement was directed by the superintendent of King & Co. But it is plain that the provision that the plastering should be done under the direction of the superintendent of King & Co. had relation to the manner of applying the plaster, and gave him no authority to change the component parts of the mixture specifically prescribed. But the plaintiff claims that as he was directed by the architect of the building in the letter of Feby. 25, 1890, " to follow King & Co.'s superintendent's instructions to the letter," and did follow them in mixing the plaster, the owner of the building could not complain of the variation from the specifications because the building contract contained this provision : " Should any dispute arise respecting the true construction of or meaning of the drawings or specifications, the same shall be decided by William H. Beers (the architect), and his decision shall be final and conclusive."

The assumption that by the letter, the architect intended to or did change the contract in respect to the composition of the mixture, is unwarranted. The letter commenced with the statement : " I find you are not doing your work according to your contract, nor are you following the instructions of J. B. King & Co.'s superintendent. You are skinning your work and all the browning you have put on must come off." The superintendent of King & Co. could not of his own motion change the proportions of the mixture. It does not appear that before the letter was written any disputes had arisen as to the meaning of the specifications in that respect, nor could there well have been. It is difficult to see how a letter complaining of the work as not complying with the contract could be construed as an authority to follow the instructions of the superintendent of King & Co. in respect of a matter fixed by the specifications, and a departure from which in reducing the proportion of cement would not be of advantage to the owner of the building.

The General Term disposed of the other considerations presented by the appellant's counsel, and because of his complaint that the effect of the letter of February 25, 1890, was not specifically noted, we have deemed it proper to refer to it. It furnishes no reason for reversing the conclusions of the courts below that the plaintiff failed to perform his contract.

The judgment should be affirmed.

All concur.

Judgment affirmed.