Pryor, J.
Served with a summons against Jacob Ohmeis, Joseph M. Ohmeis failed to appear in the action; and upon his default, and an inquisition of damages, judgment has been entered against Jacob Ohmeis. The plaintiff moves to amend the process and proceedings, nunc pro tune, by substituting the name Joseph M. Ohmeis for Jacob- Ohmeis. It is not disputed that Joseph M. Ohmeis is the person against whom it was intended to prosecute the action. The precise question in controversy, whether after judgment an amendment may be allowed so as to conform the process and proceedings to the real name of a party sued by a wrong denomination, and, though served, not appearing in the ■action, seems not to have been determined by any court of this state. In Tasker v. Wallace, 6 Daly, 364, it is not shown but that the -defendant entered appearance, and by all authorities an appear.-ance corrects the irregularity ; for if the defendant fail tb plead the misnomer he waives it, or if he pleads it he must give the true name, and thereupon an amendment is of course. It is the law -of this state that“service of summons upon a party by a wrong name does not give the court jurisdiction over his person, and his appearance cannot be compelled.” Farnham v. Hildreth, 32 Barb. 277, 279. By necessary consequence, if he do not appear„a judgment against him in such name is a nullity.' Moulton v. De ma Carty, 6 Bob. 470, 477 ; Waterbury v. Mather, 16 Wend. 611, 613; Griswold v. Sedgwick, 6 Cow. 456. In some jurisdictions the rule may be otherwise, Bank v. Jaggers, 31 Md. 38, but I am concluded hy our own adjudications. Joseph M. Ohmeis having never been in court, and so the judgment a nullity, there is nothing to amend. A thing void is a thing irreparable, and- no energy in the law suffices to make something of nothing. Again, Joseph M. Ohmeis, not being obliged to respond to the summons, was never in default, and the inquisition of damages was unauthorized as against Mm. Moreover, should the judgment be now validated, lie will be held to a liability he was not called upon to contest, and which he did not contest. Mo man can be bound by the result ■of a litigation, except by actual appeararfce or legal command to .appear. Comprehensive as is the scope of § 723 of the Code, it ■cannot embrace a case of which the court has not jurisdiction, nor make valid what is void.
Motion denied, with costs.