Sedgwick, C. J.
The action was for the taking and conversion of plaintiffs’ goods. The plaintiffs were, according to the evidence, assignees—or, rather, purchasers—of the goods, from the former owner, one James Fitzgerald. The defendant Hetherington, soon after the assignment, brought ‘action against Patrick Fitzgerald, in a district court, to recover a certain sum of money. The summons named Patrick Fitzgerald, without more, as defendant. Service of this was made upon James Fitzgerald. In fact, James Fitzgerald owed the debt sued for in the action in the district court. James Fitzgerald did not appear in the action, and *179 judgment was entered against Patrick Fitzgerald. The question then is, was this a judgment against James Fitzgerald ? Was he bound by it ?
Section 2884 of the Code, which relates to justices’ courts, does not, on the face of the act, make the law for the district courts of the city, but it presents a harmony of intention as to the mode in which jurisdiction of the person should be acquired. The same is true of the general provisions of the Code as to the form of summons. Section 8214, id. (chapter 596, Laws 1878), enacts that in a district court in the city of New York the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name. This seems not to have been repealed. Section 8214, id.; Repealing Act 1877, c. 417, subdivision for Laws of 1873. The summons in this case did not run, or did not seem to run (which is the same), against any other than a real person, whose name was given. There is a presumption that a person knows the name of his debtor, and, if in fact it be otherwise, ignorance of the name should be made to appear in the summons, to justify the use of a fictitious name. When the summons was served upon James Fitzgerald, he saw a summons and complaint against Patrick Fitzgerald; and he was justified in acting as if it were against a real person, not himself, and in not appearing in the action. I believe the law to be correctly given in the head notes of Waterbury v. Mather, 16 Wend. 611 :
“A plaintiff cannot avail himself of the statute allowing process to be issued against a defendant by a fictitious name, on the ground that his name was not known to the plaintiff, unless an averment to that effect is contained in the declaration, or is alleged by way of replication to a plea of misnomer.”
Of course, there could be no such replication, except after defendant's appearance and plea of misnomer. The cases supporting this conclusion are, in part, Farnham v. Hildreth, 32 Barb. 277; McGill v. Weil, 10 N. Y. Supp. 246; Crandall v. Beach, 7 How. Prac. 271; Aaron v. Lee, 11 Wkly. Dig. 528; Stuber v. Schuartz, 1 City Ct. R. 114; and other cases. No jurisdiction of the person, therefore was gained against James Fitzgerald by the service upon him of the summons which named Patrick Fitzgerald as the defendant.
It is supposed that James Fitzgerald was estopped from setting up that he was not the defendant, as named. If he had induced the marshal, by word or act, to believe that- he was Patrick Fitzgerald, and upon that to make the service, it might be asked whether there was not an estoppel. But, in substance, all that passed was that the marshal, in making the service, took out the paper, and said, “ This is for Patrick Fitzgerald,” while James Fitzgerald was-passive in word and deed.
Judgment having been obtained as against Patrick Fitzgerald, the marshal was a trespasser, in levying the execution issued under it upon the goods of the plaintiff that had been transferred to them by James Fitzgerald: First, the levy was as a trespass; second, the defendant had not obtained a judgment against James, which was a prerequisite of attacking the transfer to the plaintiffs. Yet, *180 for all that, the trespass of the marshal is not a trespass of the defendant, unless the defendant aided or abetted or directed or took some part in the trespass. Guilleaume v. Rowe, is in the opinion, 48 Supr. Ct. 169, distinguished from Welsh v. Cockran, 63 N. Y 181. The latter case decides that the authority to be implied from the fact that a party causes process to be issued, and sets the proper officers in motion in the execution thereof,- is simply an authority coextensive with that conferred by the process, i. e., to do lawful acts pursuant thereto. If therefore, an officer to whom a warrant is issued, directing him to seize the goods of A., takes the goods of B., an authority so to do from the principal in the proceedings will not be implied, and without other evidence he cannot be made liable therefor. What is true as to an officer is true of an attorney. In the present case the defendant placed in the hands of the attorney the claim, telling him to collect it. That authorized the attorney to take the usual proceedings to end in judgment and execution. The levying of the execution is not within the authority of an attorney. “ In the absence of proof of "special authority to an attorney, his acts in directing the levy upon or the taking of goods upon process are in excess of his general powers as an attorney,' and do not affect or subject his client to liability." Welsh v. Cockran, 63 N. Y. 185, and citing Averill v. Williams, 4 Denio, 295. Upon the propositions that have been made, the defendant was not liable unless there was evidence for the jury that the defendant had promoted the levy upon plaintiffs’ goods, or had acquiesced in the illegality of the levy, with a purpose of reaping a benefit to himself. There was no proof that the defendant had directed-the levy, or had received any money under the sale. There was testimony that after the levy a clerk of the plaintiffs saw the defendant, gave to .him a letter from the plaintiffs that claimed the property as theirs, and showed him the bill of sale, and that defendant said: “ That is of no use.” I will rip the whole thing up, and the Fischers can do as they please.” The defendant denied that he had said these things. The jury were to pass upon the credibility-of-the opposing witnesses. It was for the jury to find the meaning of the words, if they were spoken by the defendant. ‘ Did the defendant mean to claim a right to dispute the validity of the bill of sale , to stand upon the proceedings, which alone could give him a right to dispute that validity; and to insist upon the rightfulness of the levy ? And did he also claim an interest in the sale under the levy? If the jury should find that he did so mean by his words, and had knowledge of the fact, then he was a co tort feasor with the marshal who levied. Welsh v. Cockran, 63 N. Y. 184. I think the disputed question of fact that has just been considered should have been left to the jury. The action of the court requires a new trial.
judgment reversed.
New trial ordered, with costs to abide the event.