(20 Misc. Rep. 687.)

## MAASS v. JARVIS.

(City Court of New York, General Term. July 2, 1897.)

AUTHORITY OF AGENT.

    A plaintiff is not entitled to recover for extras furnished at the instance of defendant's brother, who had authority to see that the work was properly done under the original plans and specifications, but where there was no evidence that defendant authorized his brother to contract for such extras.

Appeal from trial term.

Action by William Maass against Robert M. Jarvis. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

Wilson, Barker & Wilson, for appellant.

G. R. Hawes, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment of foreclosure of a mechanic's lien, entered upon the decision of the judge, without a jury. The defendant is the owner of leasehold premises. He entered into a contract with one George Hoffman for the erection of a building upon these leasehold grounds, and Hoffman sublet a portion of the work to the plaintiff in this action. During the progress of the work, the plaintiff claims to have been directed by the defendant's brother, Joseph E. Jarvis, to do certain extra work, not called for in the specifications with Hoffman, and under the promise by said Joseph E. Jarvis that his brother, the defendant herein, would pay for said extra work. The defendant contends that he is not liable to the plaintiff for said extra work, for the reason that he has never authorized his brother to make any valid contract for him for such extra work. On examination of the evidence, we find that the defendant had directed his brother, Joseph E. Jarvis, to look over the work of the building, and see to it that it was done according to the plans and specifications, and report to him accordingly. There is no evidence whatsoever in the case that the defendant authorized his said brother to make any binding contract for him in regard to the ordering or doing of any extra work outside of the original contract and plans and specifications.

The rule of law is that no man can be held liable for the acts of another done outside of the powers and functions delegated to him. Fitzgerald v. Moran, 141 N. Y. 419, 36 N..E. 508. The case of Griswold v. Haven, 25 N. Y. 595, is not applicable to this case, because that case rested upon the doctrine of estoppel, and the defendant in that case was regarded as the general agent of the firm as to all matters within the scope of the partnership business, and therefore had authority to do the acts which he did do.

Judgment appealed from reversed, and a new trial ordered, with costs to the appellant to abide the event.

McCARTHY, J., concurs.