John Chadwick, Plaintiff, v. William Navel, Defendant.

(County Court, Erie County, January, 1901.)

Jurisdiction — Illegal amendment of summons by substituting a new surname for the defendant — Remedy.

Where a justice of the peace issues a summons against William Mayville, the same not being intended as a fictitious name, and the latter makes no appearance on the return day either in person or by attorney, the justice has no power on that day and before judgment to amend the summons so as to read William Navel, as being the correct name of the defendant, and enter judgment against William Navel.

Where the void judgment has been docketed in the county clerk's office, the defendant may attack it by a motion to vacate and need not resort to an action.

Motion to vacate and set aside a judgment.

William B. Simson, for plaintiff.

Charles Newton, for defendant.

EMERY, J. This is a motion made on the part of the defendant to have vacated and set aside a judgment, docketed in the Erie county clerk's office, on the 14th day of August, 1900, for the sum of $168.85, in favor of the plaintiff, and against the defendant, in the above-entitled action.

The summons was issued by a justice of the peace in the town of Tonawanda, Erie county, New York; commanding the constable to summon William Mayville, to appear and answer the complaint of the plaintiff, and a copy of the summons thus issued was thereafter personally served on the defendant. The defendant did not appear in the action on the return-day of the summons, either in person or by attorney. The plaintiff learned on the return day, and before judgment was rendered in the court below, that the defendant's name was Navel, and not Mayville, and moved to amend the name of the defendant in the summons from William Mayville to William Navel, which amendment was granted and judgment rendered and entered by the justice against the defendant, under the name of William Navel, for the sum of $168.85. A transcript of said judgment was thereafter issued by the justice, and the same was, on the 14th day of August, 1900, filed by the plaintiff in the county clerk's office of the county of Erie, and thereupon the county clerk duly docketed the said judgment in his office, and it now appears therein, purporting to be a judgment in favor of the plaintiff, John Chadwick, and against the defendant William Navel, and the same, at present, constitutes an apparent lien upon the real property owned by the defendant in the county of Erie. The defendant was first apprised of the judgment when the transcript thereof was filed, and upon learning such fact, he served papers for this motion, which, by consent, was held and argued at this time.

The defendant claims that, while there was no appearance on the part of the defendant in the court below, the court had no authority to allow the amendment; had no jurisdiction to render the judgment, and, therefore, the same is void and should be vacated. The plaintiff insists that the court had the right to grant the amendment, under section 723 of the Code, which states: " The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by cor-

recting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleadings or other proceedings to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party."

In the case of Stuyvesant v. Weil, 41 App. Div. 556, 557, the court, in speaking of the case wherein Mary J. Stockton was made party defendant by the name of Emma J. Stockton, in which an amendment was allowed, without the appearance of the defendant, and holding that the court had no authority to grant the amendment, said: " Section 723 of the Code, however, has not been extended by the cases to the length of holding that without the presence of a party in court and without his having been duly served with process, the court, by an amendment *ex parte*, can acquire jurisdiction over the party and thereafter proceed to a judgment which shall take away property." It further said: "Here, however, the person served by the wrong name never appeared, and unless the court obtained jurisdiction, it is difficult to determine upon what principle it could amend and thereafter proceed to determine the rights of the parties. The mode prescribed to obtain jurisdiction is by the issuance of a summons containing the real name of the defendant and the personal service of it upon the proper person. We are, of course, speaking of the usual and ordinary mode of acquiring jurisdiction by personal service and not of the alternative which in special instances is permitted to be followed by publication or substituted service or by proceeding against the right person under a fictitious name. If, here, intending to sue Mary J. Stockton, the summons had included the name of Emma J. Brown, it would not be claimed in a suit intended to affect the former, and in which she was actually served with the summons directed to Emma J. Brown, that the court without her appearance thereby acquired jurisdiction over her.

" ' Emma J. Stockton ' may be nearer to the name of the person intended than ' Emma J. Brown,' yet if it is sufficient merely to have the right person served regardless of having them correctly designated in the summons, then seemingly there would be nearly as strong argument in favor of sustaining the jurisdiction of the court in one case as the other. Mary J. Stockton would be no

more required to attend a summons issued as against Emma J. Stockton than she would be if it were issued against Emma J. Brown. In each instance it is directed to another person. Undoubtedly should she appear under either name, there is authority for holding that the court, having by such appearance acquired jurisdiction, can permit an amendment by inserting the right name."

Section 2884 of the Code of Civil Procedure relates to Justice's Courts only, and provides that where the plaintiff is ignorant of the name, or part of the name of a defendant, the defendant may be designated in the summons, by a fictitious name, or by so much of his name as is known, adding a description, identifying the person intended. When the defendant is so designated, the justice may, upon the defendant's name becoming known, amend the proceedings already taken, by the insertion of the true or full name, in place of the fictitious name, or part of a name.

The plaintiff, however, cannot avail himself of this section, as there was nothing in the summons issued and served in this case, to denote that the plaintiff was ignorant of the name, or part of the defendant's name; that defendant was designated by a fictitious name, or that anything was added outside the name to indicate that any other person was intended than the person named therein. There is a presumption that a person knows the name of the person against whom he brings an action, and if, in fact, it be otherwise, ignorance of the name should be made to appear in the summons to justify the use of a fictitious name. The moving papers show, and it was conceded upon the argument that the original summons issued by the justice was directed to William Mayville, as defendant; that no other or different summons was served upon the defendant, and that the defendant did not in any manner appear in the court below.

The summons thus issued and served gave the court no jurisdiction over the defendant, and the defendant having failed to appear, there was no authority for the granting of the amendment. The court had no jurisdiction to render the judgment, and having no jurisdiction the judgment was void.

There being no valid judgment rendered in Justice's Court, from which the transcript was issued, the judgment docketed in the county clerk's office, upon the filing of the transcript, was also void.

There is no dispute as to the facts, and, therefore, the defendant

is not obliged to resort to an action, and the relief asked for can be granted on motion.

Motion vacating and setting aside said judgment granted, with ten dollars costs.

Motion granted, with ten dollars costs.