(35 Misc. Rep. 289.)

STROMBERG et al. v. CARNESE.

(Supreme Court, Appellate Term. June, 1901.)

1. SUMMONS—AMENDMENT AFTER SERVICE.
    Where a summons of a municipal court does not designate defendant by his proper name, and contains no statement that the name in which he is designated is fictitious, it cannot be amended by inserting his proper name, where he does not appear on the return day, either in person or by attorney.

2. APPEARANCE BY AGENT.
    Where defendant's wife appears in the municipal court on the return day of a summons to explain his absence, she is not his "agent," within Laws 1882, c. 410, § 1294, so as to constitute an appearance by him.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Philip Stromberg and others against Basilio Carnese. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Goepel & Wahle, for appellant.

E. Rosenthal, for respondents.

PER CURIAM. The plaintiffs sold the defendant a chain and locket, for which the plaintiffs testified the defendant agreed to pay

the sum of $38.50; that of this amount $21.50 was actually paid, and a balance of $17 remained due. Plaintiffs offered in evidence what purported to be a conditional contract of sale, but an inspection of this paper establishes the fact that it does not bear the defendant's signature. It appears that upon the claim of such breach of the conditions of this agreement the plaintiffs demanded a return of the property, and the defendant refused to surrender it. The summons issued was not in the proper name of the defendant, nor was it stated that the name was a fictitious one. The defendant did not appear personally or by attorney. The only claim of appearance is that defendant's wife was present, and that under the provisions of section 1294 of the consolidation act (Laws 1882, c. 410) she might be regarded as his agent. The examination of this woman, who appears to be an illiterate Italian, unfamiliar with the English language, leaves it in grave doubt as to whether she came to defend the action or to ask for an adjournment. The defendant was entitled to one adjournment for at least eight days. Consol. Act, § 1364. The complaint was for conversion, and under the judgment an execution against the defendant's body was issued. The amount of the judgment was paid to the marshal under protest, and to avoid arrest and detention. An application was subsequently made to open what it was contended was defendant's default, and several affidavits were submitted in this proceeding. From them it appears that the defendant was suffering from gastric catarrh, and physically incapable of leaving his house on the day of the trial. These affidavits are not contradicted, nor is the story of the defendant's illness in any way impeached, except by what the plaintiffs contend are some contradictory statements of his wife; but, in view of her examination, the lack of familiarity of the court interpreter with her peculiar dialect, and her claim of inability to fully understand him, these apparent discrepancies should not be given very much weight. The learned justice below denied the motion to open the default. Under all of these circumstances it is reasonable to presume that the presence of defendant's wife was merely for the purpose of explaining her husband's absence, and to request an adjournment on that account, and it would follow, therefore, that the amendment of the summons was irregular. Chadwick v. Navel, 33 Misc. Rep. 683, 68 N. Y. Supp. 1110; Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697.

Judgment reversed, and new trial ordered, with costs to abide event.