(45 Misc. Rep. 627)

## DURST v. ERNST.

### (Supreme Court, Appellate Term.  December 7, 1904.)

**1. EXECUTIONS—WRONGFUL LEVY—TRESPASS—NAMES.**
Where plaintiff was named in a summons by a name other than his own, and which was not a customary designation of him, a judgment rendered on default, after service of such summons, was a nullity, and afforded no defense to an action for trespass based on defendant's act in instigating and abetting a seizure of plaintiff's property thereunder.

**2. SAME—ISSUES—WITHDRAWAL.**
Where plaintiff denied that he had ever authorized the making of a motion to open his default in an action based on a summons in which he was improperly named as alleged, an instruction that plaintiff had appeared on such motion was erroneous, as withdrawing such issue from the jury.

**3. SAME—CREDIBILITY OF WITNESSES—INSTRUCTIONS.**
In an action for a wrongful levy, an instruction that defendant's witnesses, being "sworn officers of the law," were entitled to more credit than plaintiff, was error.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Osias Durst against Bruno Ernst.  From a Municipal Court judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

A. B. Schleimer, for appellant.
John J. Trapp, for respondent.

BISCHOFF, J.  The defendant sought to justify the taking of the plaintiff's property upon an execution issued on a judgment obtained by default after service of a summons against "Samuel Dust," the claim being that the plaintiff was known by that name, and also that he had appeared for the purpose of moving to open his default, taken in that name.  The contention of the plaintiff at the trial was that he was never known as Samuel Dust, and that he never authorized an appearance in his behalf upon the motion to open the default.  If Samuel Dust was not this plaintiff's name according to any customary designation, the judgment rendered on default, after service of a summons which did not name him, was clearly a nullity, and afforded no defense to an action for trespass based upon the defendant's act in instigating and abetting the seizure of plaintiff's property (Fisher v. Hetherington, 11 Misc. Rep. 575, 32 N. Y. Supp. 795); but the justice left the case to the jury, with instructions to the effect that the defendant was justified, if this plaintiff was the person intended as the individual named in the summons, a proper instruction upon this point being then requested and refused.  The question whether the plaintiff had ever authorized a motion to open his default was, apparently, withdrawn from the jury by an instruction that he had appeared upon such a motion, and the court declined to modify this instruction when the plaintiff's attorney requested the submission of the questions of fact involved in the claim that the appearance was unauthorized.  The charge also tended to the plaintiff's prejudice in that the jury was practically advised that the defend-

ant's witnesses, being "sworn officers of the law," were entitled to better credit than was the plaintiff. For the errors referred to, there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.