(53 Misc. Rep. 540)

## CAINEN v. NEW YORK CONTRACTING CO.

(Supreme Court, Appellate Term.  April 10, 1907.)

JUDGMENT—OPENING DEFAULT.

Where a party, relying upon the mistaken advice of counsel that the failure to correctly name it in the summons and complaint warranted it in failing to pay any attention to them, and in consequence failed to appear and judgment was taken by default, and it appears by the proposed answer annexed to the moving affidavit that the party has a good and substantial defense upon the merits, the default should be opened upon terms indemnifying the plaintiff for expense and delay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 277.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Annie Cainen against the New York Contracting Company. From an order denying a motion to open its default, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

James A. Deering (J. C. Toole, of counsel), for appellant.
Files & Reese (Harry L. Brooks, of counsel), for respondent.

GIEGERICH, J.  This action was brought against the New York Contracting Company for a personal injury claimed to have been caused by the negligence of the defendant, which the complaint alleges is a foreign corporation. The summons and complaint were served on one Frederick R. Killeen. It appears from the record that no such corporation as the New York Contracting Company, either foreign or domestic, is known; that there are two existing corporations, the "New York Contracting Company, Pennsylvania Terminal," and the "New York Contracting Company, New Haven Improvements," and that Mr. Killeen is secretary of both; that these corporations had been previously advised to ignore papers in which the defendant was described as "New York Contracting Company"; and that accordingly no appearance was made in this action. A judgment was entered against the defendant in default of its appearance, and it subsequently moved to open such default, which motion was denied, and the defendant has appealed to this court.

The justice, in denying the motion, did not write an opinion, and we are at a loss to understand upon what ground the denial was placed. It is urged by the respondent that, since the appellant willfully and deliberately disregarded the summons, it is not entitled to any relief at our hands. Until the decisions in Stuyvesant v. Weil, 41 App. Div. 551; 58 N. Y. Supp. 1149, and Holman v. Goslin, 63 App. Div. 204, 71 N. Y. Supp. 197, were announced, it was generally

regarded as the law of this state that a judgment could only be enforced against the person or property of the individual named. Farnham v. Hildreth, 32 Barb. 297; Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736. The first two cases, however, hold that the object of the summons is to apprise the party defendant that the plaintiff in the action seeks judgment against him, and, when it fairly appears that he is apprised of the fact that he is the party intended to be served, the court acquires jurisdiction to render judgment in the action. That the attention of the counsel who has had charge of this case for the defendant was not called to these later decisions is evident from the following allegation of his moving affidavit, viz.:

"That the fact that the defendant was incorrectly described in the summons and complaint herein as a foreign corporation and by an incorrect name was considered by the legal adviser of said defendant so misnamed and described as sufficient warrant for failing to pay any attention to said summons and complaint, and deponent believes that the allegation in said complaint stating that the defendant is a foreign corporation and the failure to set out correctly the name of any corporation did relieve the New York Contracting Company, Pennsylvania Terminal, from the necessity of appearing in response to said summons, and as deponent is informed said corporation was so advised."

It is thus shown that the failure to appear was not caused by any desire to impede the plaintiff in collecting his claim, but was based on an honest reliance on the advice given to the effect that such appearance was unnecessary, and that no proceedings could be taken for the enforcement of the judgment against the defendant. Instances are not rare in the books where relief has been afforded from defaults, although intentional, where they occurred through a mistake of counsel as to the best form of presenting a defense (Arnold v. Norfolk & New Brunswick Hosiery Co., 19 N. Y. Supp. 957), or even through the ignorance or incompetency of counsel (Gideon v. Dwyer, 17 Misc. Rep. 233, 40 N. Y. Supp. 1053, affirmed 7 App. Div. 608, 41 N. Y. Supp. 1116), and meritorious grounds for the application are shown. From a consideration of the record, we think that the defendant has shown a reasonable excuse for the default, and that it has a good and substantial defense upon the merits, as appears by its proposed answer annexed to the moving papers. We are therefore of the opinion that, notwithstanding the intentional default, the defendant should have been given an opportunity to present its defense in court upon terms which would have indemnified the plaintiff for the expense to which she had been put and the delay she had suffered.

The order should therefore be reversed, and the motion granted, with costs to the appellant to abide the event, provided it pay, within five days after service of notice of entry of the order hereon, the taxable costs and disbursements to date of the plaintiff in the court below. All concur.