GROSSMAN et al. v. LOEBER HAIR CO.

(City Court of New York. February 17, 1915.)

1. CORPORATIONS ⊚⟹505—ACTION AGAINST—MISNOMER—WAIVER.
    A waiver takes place as to a corporation defendant, under Code Civ. Proc. § 1777, providing that a corporation is deemed to have waived any mistake in the statement of its name, unless the misnomer is pleaded by it, only where the name stated in the summons is sufficiently similar to defendant's correct name to fairly apprise it that it is the defendant intended.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1953–1957, 1975; Dec. Dig. ⊚⟹505.]

2. CORPORATIONS ⊚⟹505—ACTION AGAINST—MISNOMER—AMENDMENT AFTER DEFAULT JUDGMENT.
    Where the Loeber Hair Goods Company was sued as the "Loeber Hair Company," the name in which it was sued bore sufficient similarity to its correct name to put it on notice that it was the defendant intended, and authorized the granting of an application, made after entry of default judgment against defendant, to amend the summons, complaint, and judgment to conform to defendant's correct name.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1953–1957, 1975; Dec. Dig. ⊚⟹505.]

Action by one Grossman and others against the Loeber Hair Company. Judgment against defendant by default, and plaintiffs apply for an ex parte order to amend the summons, complaint, and judgment to conform to defendant's correct name. Application granted.

A. Frank Cowen, of New York City, for plaintiffs.

ALLEN, J. The defendant, a foreign corporation, was erroneously sued as Loeber Hair Company. It does not appear. Judgment was taken against it by default, and the plaintiff has applied ex parte for an order so amending the summons, complaint, and judgment as to conform to its correct name, Loeber Hair Goods Company.

[1] If the defendant was a natural person, according to some authorities, the application could not be granted (Fischer v. Hetherington, 11 Misc. Rep. 575, 32 N. Y. Supp. 795; Chadwick v. Navel, 33 Misc. Rep. 683, 68 N. Y. Supp. 1110; Stromberg v. Carnese, 35 Misc. Rep. 289, 71 N. Y. Supp. 746; Durst v. Ernst, 45 Misc. Rep. 627, 91 N. Y. Supp. 13; Simon v. Underwood, 61 Misc. Rep. 369, 115 N. Y. Supp. 65); but, in order that a greater effect may be given to the provisions of section 723 of the Code of Civil Procedure, it has been held that the rule observed in those cases no longer prevails, and that, if the defendant is fairly apprised by the summons served that he is the party against whom the plaintiff seeks to proceed, the court acquires jurisdiction over him, and consequently may so amend a judgment rendered against him by default as to conform to his true name (Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562; Corn v. Heymsfeld, 75 Misc. Rep. 478, 133 N. Y. Supp. 447). This later rule requires that the court in each instance determine whether the name stated in the summons is sufficient to fairly apprise the person

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

served that he is the defendant intended, and, whatever may be its wisdom, it is now the law of this state. Under the earlier rule, however, it was held that, if the defendant appeared, the error in the name in which he was sued, if not cured upon the trial would be deemed to have been waived. Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736; McNeal v. Hayes Moebun Co., 118 App. Div. 130, 103 N. Y. Supp. 312.

Section 1777 of the Code of Civil Procedure provides that a corporation is deemed to have waived any mistake in the statement of its name, unless the misnomer is pleaded by it; and it has been held that such waiver takes place, irrespective of whether it appears or suffers a default. Whittlesey v. Frantz, 74 N. Y. 456. Consequently, aside from the later rule adopted in Stuyvesant v. Weil, supra, a different rule prevails as to corporation defendants. It seems to be going very far to hold, as was done in Whittlesey v. Frantz, supra, that a corporation which defaults waives a misnomer; and I take it to be the better law, as it is in my judgment certainly the better reason, that such waiver would take place as to a corporation defendant only where the name stated in the summons is sufficiently similar to its correct name to fairly apprise it that it is the defendant intended.

[2] However this may be, I think the name in which this defendant was sued, "Loeber Hair Company," bears sufficient similarity to its correct name, "Loeber Hair Goods Company," to have put it upon notice that it was meant to be proceeded against; and that application is therefore granted.