In re McGEE.

(Supreme Court, Appellate Division, Second Department.    May 8, 1896.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND—PETITION.
    In a proceeding to sell land of a decedent to pay debts, where the petition describes the property as consisting of five lots, and shows that they lie together, forming one parcel, and states the value thereof at about $4,000, it is a sufficient compliance with Code Civ. Proc. § 2752, which requires such petition to give the valuation of each distinct parcel.
2. TRIAL—BY COURT—ADMISSION OF IMPROPER EVIDENCE.
    The admission of improper evidence in a proceeding in a surrogate's court is not fatal, as such proceedings are equitable in their nature.

Appeal from surrogate's court, Kings county.

Application by Alice McGee, as executrix of the will of Thomas McGee, deceased, for leave to sell certain real estate of decedent for the payment of debt. From an order denying a motion to vacate and set aside an order appointing Alfred F. Britton special guardian of the infant heirs, on the ground that he was improperly appointed, and had not properly protected the rights and interests of the infants, said infants, John J. McGee, Mamie Agnes McGee, Alice McGee, Thomas McGee, and Cecelia McGee, appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Towns & McCrossin, for appellants.
Jacobs & Butcher, for respondent.

PRATT, J. We do not think it can be said that the petition fails to state facts which give the surrogate jurisdiction of the proceeding. It is objected that a valuation of each distinct parcel of real estate is not given, as required by section 2752, Code Civ. Proc. We do not think the objection is well founded. The first parcel described consists of five lots of land, and the description shows that they lie together, forming one parcel, and the valuation thereof is given at about $4,000. That is sufficient. It is not required that

the value of each lot be specified separately. The next parcel consists of two lots of land on which are three buildings, the aggregate value being given at $4,500. We see no error in this. It appears that the total personalty is $1,700, while the debts set out in the petition amount to $5,975. It is sufficiently manifest that recourse must be had to the real estate in order to pay the debts, and the proceeding was proper and appropriate for the purpose.

It is also objected that, before the referee, incompetent evidence was admitted in support of one of the claims. If that objection is well taken, it does not follow that the order will be reversed. Proceedings before a surrogate are equitable in their nature, and in courts of equity the admission of improper evidence is not fatal. Clapp v. Fullerton, 34 N. Y. 190; Evans v. Sims, 82 Hun, 396, 31 N. Y. Supp. 259; Richardson v. Eveland, 126 Ill. 38, 47, 18 N. E. 308. It is sufficient if the decree is sustained by sufficient competent evidence.

We do not see that the special guardian was guilty of neglect prejudicial to the infants. On the contrary, by his efforts, coinciding with the favorable disposition of the creditors, a material reduction of the creditors' demands took place, of which the infants get the benefit.

It is objected that the widow was not, by the petition, cited to appear, etc. But the widow was herself the petitioner, and the whole proceeding was at her instance.

We find no error requiring us to interfere with the order of the surrogate, which is affirmed, with costs. All concur.