AUGUSTUS VAN HORNE STUYVESANT, Respondent, v. RALPH WEIL, Appellant.

REAL PROPERTY — MARKETABLE TITLE — ERROR IN NAME OF OWNER IN SUMMONS IN FORECLOSURE ACTION — EX PARTE ORDER AMENDING SUMMONS. The title to real property acquired under foreclosure sale is not unmarketable because of an error in the name of the owner in the summons and complaint in the foreclosure action, which after personal service and although she had not appeared was corrected by an *ex parte* order, inserting her true name therein, upon the ground that the court had not acquired jurisdiction, and, therefore, had no power to amend, where the court properly determined that the defendant was fairly apprised that she was the party the action was intended to affect, since, by its determination to that effect, it acquired jurisdiction, and under sections 721 and 723 of the Code of Civil Procedure, relating to defects in process cured by judgment and amendments of process, it had the power and it was its duty to grant the order.

*Stuyvesant* v. *Weil*, 41 App. Div. 551, reversed.

(Argued May 16, 1901; decided June 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made June 9, 1899, reversing a judgment in favor of defendant entered

upon a. dismissal of the complaint by the court on trial a Special Term and directing judgment for the plaintiff.

The defendant by an agreement in writing promised to convey to plaintiff certain real estate known as Nos. 741 and 743 Amsterdam avenue and No. 151 West Ninty-sixth street in the city of New York. The plaintiff claiming that the defendant's title was defective brought this action to compel specific performance, or if it should be decided that the defendant could not give good title that he should be decreed to refund to plaintiff a partial payment together with the costs and expenses of the search.. The alleged defects were (1) that the defendant acquired his title through a certain mortgage foreclosure wherein the owner of the equity of redemption was not named as a party defendant in either the summons or the complaint and did not appear in the action prior to the entry of judgment; (2) that notice of the pendency of said foreclosure was not filed, as required by statute, against such owner, and (3) that the judgment was not entered in the foreclosure action in accordance with statute.

June 5th, 1896, foreclosure proceedings for non-payment of interest — the right to demand the principal not being insisted upon — were brought under a first mortgage by Simon Pretsfeld and the summons and complaint therein named Emma J. Stockton as a defendant and as so written they were personally served on Mary J. Stockton, who was at that time the owner of the fee of the premises. More than twenty days thereafter an affidavit was presented to the court entitled in the foreclosure action in which it was stated that " the summons and complaint herein were duly served on the defendant Stockton; * * * that through inadvertence defendant Stockton was made party defendant by the name of Emma J., whereas her name is in fact Mary J. Stockton." Upon this affidavit an *ex parte* order was entered amending " the summons and complaint and all other papers herein * * *. by striking out the name of Emma J. Stockton where the same appears and inserting in lieu thereof the name Mary J. Stockton as one of the defendants in this action."

The name Mary J. Stockton was used in all subsequent steps in the action, and all proceedings therein were as usual in actions of foreclosure. The premises were sold July 30th, 1896. A surplus of $928.75 resulted, and in the proceedings subsequently taken for the distribution thereof, Mary J. Stockton was served, and she appeared and consented to the payment of the surplus to the mortgagee of the second mortgage.

*Edward W. S. Johnston* and *Isaac Fromme* for appellant. It being admitted that Mary J. Stockton was personally served with the summons and complaint in the action, the judgment is not open to collateral attack, but is binding upon the said Mary J. Stockton and title derived therethrough is a good and marketable title, quite irrespective of the order amending the summons, complaint and all other papers in the action, and whether said Mary J. Stockton was ever served with a summons or amended summons with her name correctly described therein. (*Douglas* v. *Haberstro*, 8 Abb. [N. C.] 230; *Paine Lumber Co.* v. *Galbraith*, 38 App. Div. 70; *Dayton* v. *Parke*, 142 N. Y. 391; *Gage* v. *Peetsch*, 19 Misc. Rep. 372, *Smith* v. *C. Trust Co.*, 154 N. Y. 333; *Steinhardt* v. *Baker*, 20 Misc. Rep. 474; *O'Connor* v. *Felix*, 87 Hun, 179; *Murphy* v. *Shea*, 143 N. Y. 78; *McGaughey* v. *Woods*, 4 W. Rep. 480.) The court had the power to grant the order of June 27, 1896, amending the summons and complaint and all other papers herein by striking out the name Emma J. Stockton where the same appears, and inserting in lieu thereof the name Mary J. Stockton as one of the defendants in the action. (*Reilly* v. *W. Pub. Co.*, 14 N. Y. S. R. 390; *Van Wyck* v. *Hardy*, 4 Abb. Ct. App. Dec. 496, affg. 11 Abb. Pr. 473; 20 How. Pr. 222; *Tasker* v. *Wallace*, 6 Daly, 365; *Harrison* v. *U. T. Co.*, 80 Hun, 463; *Vanderheyden* v. *Gary*, 38 How. Pr. 367; *Weil* v. *Martin*, 1 Civ. Pro. Rep. 133; 24 Hun, 645; *F. Nat. Bank* v. *Williams*, 9 Civ. Pro. Rep. 212; *Hilton* v. *Sinsheimer*, 5 Civ. Pro. Rep. 355; *Dean* v. *Gilbert*, 92 Hun, 427; *Evoy* v. *E. Aid Soc.*, 51 N. Y. S. R. 38.)

*Lucius H. Beers* for respondent. When the judgment of foreclosure was entered in *Pretzfeld* v. *Lawrence*, the court did not have jurisdiction of Mary J. Stockton, the owner of the equity. That judgment as to her is, therefore, absolutely void. (*Farnham* v. *Hildreth*, 32 Barb. 277 ; *Schoellkopf* v. *Ohmeis*, 11 Misc. Rep. 253 ; *McGill* v. *Weil*, 10 N. Y. Supp. 246 ; *Gardner* v. *Kraft*, 52 How. Pr. 499 ; *Miller* v. *Foley*, 28 Barb. 630 ; *Muldoon* v. *Pierz*, 1 Abb. [N. C.] 309 ; *Wiehle* v. *Schwarz*, 22 J. & S. 169.) If Mary J. Stockton was not bound by the service of a summons addressed to Emma J. Stockton, then it must follow that the court had no power by an *ex parte* order of amendment to bring her in and make its judgment binding upon her. (Code Civ. Pro. § 721.) The judgment in *Pretzfeld* v. *Lawrence* was not merely irregular or voidable, but was absolutely void and a nullity so far as Mary J. Stockton was concerned. ( *Winslow* v. *Clark*, 47 N. Y. 261 ; *Miner* v. *Beekman*, 50 N. Y. 337 ; *Landon* v. *Townshend*, 112 N. Y. 93 ; *Smith* v. *Central Trust Co.*, 154 N. Y. 333 ; *Ferguson* v. *Crawford*, 70 N. Y. 256 ; Freeman on Judgments [3d ed.], 125 ; *Berkowitz* v. *Brown*, 3 Misc. Rep. 1 ; *Pringle* v. *Woolworth*, 90 N. Y. 502.)

PARKER, Ch. J. This action is brought on the equity side of the court to compel the defendant to convey the title of certain premises to the plaintiff in pursuance of the terms of a written contract, or, if unable to convey a marketable title, that he be decreed to return a partial payment made by the plaintiff. The trial court held that the title was marketable and decreed specific performance. The Appellate Division reached a contrary conclusion and so reversed the judgment.

The defendant's title comes through a foreclosure of a mortgage while Mary J. Stockton was the owner of the fee, but in the summons and complaint, both of which were duly served upon her, she was called Emma J. Stockton. Later the attorney for the plaintiff, without notice to Mary J. Stockton, obtained an order amending the summons and complaint so as to correctly state her given name in pursuance of the

authority conferred by section 723 of the Code of Civil Procedure, which provides that the court may, " before or after judgment, in furtherance of justice,  \*  \*  \*   amend any *process*, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party."

The contention that the court had no power to amend the summons and complaint as provided by the order is founded upon the claim that the court had not acquired jurisdiction of defendant Stockton by the personal service of the summons and complaint upon her because of the error therein in respect to her given name. But we cannot concur with a view that insists upon it that any error appearing in a summons in the name of a defendant prevents the court from acquiring jurisdiction of such defendant, notwithstanding he was fully apprised, when service of the summons was made upon him, that he was the party intended to be named therein and affected thereby : a view directly antagonistic to both the letter and the spirit of sections 721 and 723 of the Code, the first of which declares that a judgment of a court of record shall not " be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters, or things, in the *process*, pleadings, or other proceedings :

" \*  \*  \*   9. For a mistake in the name of a party or other person  \*  \*  \*   where the correct name  \*  \*  \*   has been once rightly stated, in any of the pleadings or other proceedings," while the latter section provides for correcting a mistake in the name of a party as it appears in the summons, which of course presupposes, in case of prior service, that jurisdiction has already been acquired. The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him so that he may take such steps as may seem advisable to protect his interests, and in order to assure its coming to his attention the statute requires personal service of the summons to be made when it is possible to do so. It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and in such case it is the duty of

54

the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction. In our judgment the facts disclosed by this record permit only one answer to the question, Was Mary J. Stockton fairly apprised by the summons and complaint served upon her that the object of the action was to foreclose a mortgage upon the premises owned by her ? viz., that she was. That being so, it follows that it was the duty of the court, when applied to, to hold that jurisdiction had been acquired and thereupon to grant such amendments in furtherance of justice as the statute authorized: That is precisely the course of procedure taken in the foreclosure action. After the summons had been personally served upon Mrs. Stockton more than twenty days the fact that there was an error in her given name, as it appeared in the summons, and of what that error consisted was brought to the attention of the court, which thereupon decided to amend the summons and complaint so that the defendant's name should correctly appear in every paper entitled in the action. The decision expressed necessarily involved a decision not expressed, but nevertheless made, that the court had acquired jurisdiction of the defendant in the action, and hence it follows that the court could and should have made the order amending the summons and complaint so as to state defendant's given name properly. The decision was correctly made, and it follows necessarily that the purchaser at the foreclosure sale acquired a marketable title.

We have not alluded to the decisions of the several Special and General Terms which the Appellate Division felt called upon to follow. Their foundations were laid long before sections 721 and 723 of the Code came into existence as marking features of a distinct legislative policy to stop the sacrifice of things of real substance upon the altar of mere technicality, and hence a discussion of them can serve no useful purpose.

. The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to the appellant in all courts.

GRAY, O'BRIEN, MARTIN, LANDON and CULLEN, JJ., concur; WERNER, J., not sitting.

Ordered accordingly.