(35 Misc. Rep. 685.)

## In re GEORGI'S ESTATE.

### (Surrogate's Court, New York County. August, 1901.)

1. ADMINISTRATION—SALE OF DECEDENT'S LAND.
   A petition for leave to sell real estate of decedent to pay debts need not state the value of each parcel separately, where they lie together.

2. CITATION—DEFECTS.
   Failure in a citation to state the Christian names of some of the parties, and the individual names of others who were partners in the firms cited, after service thereof may be cured by amendment.

3. SAME—SERVICE.
   In a proceeding to sell real estate of decedent, service of citation on tenants not named therein does not confer jurisdiction of them.

4. SAME—DEATH OF PARTY.
   Where before service on parties named in a citation they die, service of same citation on their personal representatives confers no jurisdiction.

5. SALE OF DECEDENT'S LAND—AGREEMENT AS TO MORTGAGE.
   A sale of real property of decedent subject to a mortgage also covering the property of other persons is valid, when made on terms that the mortgagee has agreed that the purchaser may pay it off, and that such payment will be allowed as a deduction from the bid.

Proceedings to sell lands of Cossuth L. Georgi, deceased, to pay debts. Application denied.

John Aitken, for petitioner.
Turner, McClure & Horan, for purchaser.
James M. Fisk, for Bowery Bank and certain creditors.

FITZGERALD, S. The questions at issue between the parties hereto I dispose of as follows:

1. The first subdivision of the first objection interposed by the purchaser herein is overruled, in view of Code Civ. Proc. § 2759, subd. 3, taken in connection with section 2752.

2. The objection as to the petitioner not giving the value of the different parcels of real estate is overruled. In re McGee, 5 App. Div. 527, 38 N. Y. Supp. 1062.

3. As the disposition of the other parcels referred to in the second subdivision of the first objection, and the proceeds thereof, are subject to the jurisdiction of the supreme court in the partition action (In re Dusenbury's Estate, 34 Misc. Rep. 666, 70 N. Y. Supp. 725), and as the heirs of the decedent and the parties to this proceeding, other than the objectant, take no exception to the alleged defects complained of by him, his objection is overruled.

4. The objection to the citation of Anderson is cured by the appearance of his attorney, and the disclosure of his name as Andrew Anderson.

5. As to the other parties referred to in the third and fourth subdivisions of the first objection, who were concededly named

in the citation, and the same served upon them, the objection is to the omission of the Christian names of some of them, and the failure to give the individual names of others of them composing business firms. This objection is overruled. An amendment, if necessary, can be made to cure the alleged defect. Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738.

6. Besides the objection to the defect in the names of others mentioned in the fourth subdivision of the first objection, who are tenants of the property, it appears that they were not named in the citation herein, although a copy of the same was served upon them. This service, in my opinion, was ineffective to give the court jurisdiction over them.

7. Two of the parties named in the third subdivision of the first objection died before the service of the citation upon them, and no citation was issued to their representatives, although the latter have been served with the citation, in which they were not named. The omission of their names from the citation made the service thereof ineffectual to give the court jurisdiction over them. See Boerum v. Betts, 1 Dem. Sur. 471.

8. The sixth subdivision of the first objection is overruled. While the petitioner does not literally comply with the statute, I do not regard this as a substantial defect.

9. The seventh subdivision of the first objection is overruled for the reason stated in overruling the sixth subdivision of the first objection.

10. The fifteenth subdivision of the first objection is overruled, it having been obviated by new proof of publication recently filed.

11. The objection that the property was sold subject to a mortgage which partly covered other property not belonging to the decedent is overruled. By the terms of sale it was, in substance, stated that arrangements had been made with the holder of the mortgage by which the purchaser would be enabled to pay off the same, and that the payment would be allowed as a deduction from the amount bid by the purchaser. It is not claimed that there has been any obstacle to carrying out this arrangement, or to the paying of the mortgage by the purchaser. The sale made was regularly confirmed, and all parties, including the purchaser, received notice of the application for the confirmation of the report of sale. None of the parties in interest, other than the purchaser, raise any objection as to the manner of sale; and he having by his purchase and the agreement of sale signed by him agreed to the terms of sale, and it in no wise appearing how he could be injured if he complied with them, I do not think he is in any position to raise the question which he presents as to the regularity of the sale.

12. The objections not hereinbefore specifically sustained are overruled.

13. For the reasons stated in paragraphs 6 and 7 in sustaining the objections therein mentioned, the administrator's application is denied, and that of the purchaser granted.

Application of administrator denied, and that of purchaser granted.