FASSY et al. v. JACOBS.

(Supreme Court, Appellate Term. February 16, 1911.)

PARTIES (§ 58*)—AMENDMENT—NEW PARTY.

 An action was brought against two brothers, alleged to be copartners under a specified firm name, and the summons was served upon one of them. At the trial it was shown that defendant's father was the person who had transacted the business on which suit was brought, and that he had been doing business under the specified firm name. Code Civ. Proc. § 723, provides that a court may amend any process or pleading, by adding the name of a person as a party or by correcting a mistake in the name of a party. Held, that under section 723, if the father had been summoned by another name, an amendment might be ordered making him a party, but that it was error to make the father a party by amendment; the court having no power to substitute one whom plaintiff intended to sue in place of another whom he did sue.

 [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 88, 89; Dec. Dig. § 58.*]

Appeal from City Court of New York, Trial Term.

Action by Sam Fassy and Jacob Orloff, as copartners doing business under the firm name and style of Fassy & Orloff, against Morris

Jacobs, doing business under the firm name of Jacobs Bros. Judgment for plaintiffs, and defendant appeals. Reversed, and complaint dismissed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Arthur Rosenberg, for appellant.

Nathaniel H. Kramer, for respondents.

HENDRICK, J. Two brothers were sued herein as "Samuel Jacobs and Benjamin Jacobs, copartners in business under the firm name and style of Jacobs Bros." An affidavit follows the complaint in the printed case, in which affiant states that he served the summons and complaint upon defendant Samuel Jacobs, whom he knew to be the person described in the complaint. The codefendant does not seem to have been served. Both defendants appeared by attorney and served a joint answer. On the trial no cause of action was proved against either defendant. Instead of being copartners, the proof shows that Benjamin is in the florist business, and his brother Samuel is working in some capacity for his father. Neither of them is proved to have had any connection with the transaction alleged in the complaint. They were, therefore, entitled to judgment dismissing the complaint, with costs.

But it appeared at the trial that one Morris Jacobs, who is the father of said two brothers, was in the wholesale fruit and nut business, and it was he who transacted the business alleged in the complaint. Plaintiff testified that he represented himself as Samuel, and introduced the real Samuel as his partner, Benjamin. Thereupon plaintiff moved "to amend the name of the defendant called Samuel to Morris Jacobs, on the ground that he has appeared and posed as Samuel Jacobs." This motion was granted, and defendants excepted. It appears that the elder Jacobs is transacting business under the name of "Jacobs Bros."; the name having survived the death of his brother and former partner. If Morris Jacobs had ever been summoned into this action by the name of Samuel, or by some other than his true name, we are of opinion that the order granting the amendment would have been within the power and discretion of the court. Code Civ. Proc. § 723.

But this is not a case of error in names, but of mistake in persons. Morris was not summoned, but Samuel was summoned. We must hold, therefore, that the court had no power to substitute one whom plaintiff intended to sue, in place of another whom he did sue. Davis v. Mayor, etc., 14 N. Y. 506, 67 Am. Dec. 186; N. Y., etc., Ass'n v. Remington, 89 N. Y. 22.

The judgment must be reversed, and complaint dismissed, with costs to appellant in this court and in the court below. All concur.