## CORN v. HEYMSFELD.

(Supreme Court, Appellate Term. January 25, 1912.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—JURISDICTION AND POWERS.

A summons and complaint in the Municipal Court against "Abraham" H. was served on "Adolph" H. No one appearing, judgment was entered by default. Subsequently a motion was made to correct the summons and other papers and the judgment roll, by substituting the name "Adolph" in place of "Abraham." Held, that the court had power to grant the amendment, under Code Civ. Proc. § 723, providing that the court may, either before or after judgment in furtherance of justice, amend any process, pleading, or other proceedings by correcting a mistake in the name of the party, made applicable to the Municipal Court by the express provisions of Code Civ. Proc. § 3347, subd. 6, and by Municipal Court Act (Laws 1902, c. 580) § 20, providing that the Code of Civil Procedure shall apply to the Municipal Court so far as applicable, when not in conflict with the provisions of the Municipal Court act, and that this was a proper case for such an amendment, since the summons was actually served on the person intended to be sued.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—JURISDICTION—MISNOMER OF DEFENDANT.

The provision of Municipal Court Act (Laws 1902, c. 580) § 27, that a summons must be addressed to the defendant by name, or if his name

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be unknown by a fictitious name, does not prevent the court from acquiring jurisdiction, although the defendant be not named correctly in the summons, where it is served on the person intended to be sued, and he knows that he is the person intended to be made a party to the action, since jurisdiction either in a court of record or an inferior court depends upon the fact of service.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Corn against Adolph Heymsfeld, sued as "Abraham" Heymsfeld. From a judgment in favor of plaintiff, and from orders denying defendant's motion to vacate the judgment, and granting plaintiff's motion to amend the summons and judgment roll by substituting the name "Adolph" in place of "Abraham," defendant appeals. Affirmed.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

Nicholas A. Heymsfeld, for appellant.

Wesselman & Kraus (Bertram L. Kraus, of counsel), for respondent.

SEABURY, J. [1] The chief point to be kept in mind in determining this appeal is that the person who was served with process is the person against whom judgment has been rendered. Another fact of capital importance is that the person served knew that he was the person intended to be served. The defendant, Adolph Heymsfeld, is concededly the person to whom the goods, for which the plaintiff seeks to recover, were sold and delivered, and Adolph Heymsfeld, when he purchased the goods, was doing business under the name of "A. Heymsfeld." In the caption of the summons and complaint the plaintiff described the defendant as "Abraham," instead of "Adolph," Heymsfeld. In so doing the plaintiff made a mistake in the defendant's first name. This mistake the court below has allowed to be corrected under the ample authority conferred by section 723 of the Code of Civil Procedure, which is expressly made applicable to the Municipal Court. Mun. Ct. Act (Laws 1902, c. 580) § 20; Code Civ. Proc. § 3347, subd. 6. Section 723 specifically authorizes the court to amend any process, pleading, or other proceeding "by correcting a mistake in the name of a party." This is precisely what the court below did, and it does not seem to be disputed that such an amendment was "in furtherance of justice."

The party whose surname was correctly designated in the summons was served, and he was apprised that he was the party the action was intended to affect. Service under these circumstances gave the court jurisdiction. In Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562, the defendant's true name was "Mary J.

Stockton," and the summons which was served upon her described her as "Emma J. Stockton." The court said:

"The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him, so that he may take such steps as may seem advisable to protect his interests; and in order to assure its coming to his attention the statute requires personal service of the summons to be made when it is possible to do so. It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and, if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction."

Applying the rule declared in Stuyvesant v. Weil, supra, to the facts of this case, it is plain that the court below properly allowed the amendment. Apart from the fact that the present case arose in the Municipal Court, there is no distinction between the two cases. The attempt of the defendant to make it appear that the plaintiff intended to sue Abraham Heymsfeld, who was the father of the defendant, and who died prior to the time of service, and to whom the plaintiff never sold goods, is too shallow to be entitled to serious consideration. Unless the fact that the present action arose in the Municipal Court and Stuyvesant v. Weil arose in the Supreme Court is a material distinction, that case is authority for the practice which has been adopted in this case.

[2] Section 27 of the Municipal Court act provides that a summons in the Municipal Court "must be addressed to the defendant by name, or if his name be unknown by a fictitious name." It is claimed that, in view of this section, the error in the defendant's name was jurisdictional. Substantially a similar provision is applicable to all courts of record. Code of Civil Procedure, § 451. In either a court of record or an inferior court service is necessary to enable the court to acquire jurisdiction. Jurisdiction depends upon the fact of service. When that is accomplished, jurisdiction is acquired, and the court is authorized to correct errors or mistakes in the name of a party. If the defendant's name was not correctly designated, that was an error which could be corrected, whether it occurred in a court of record or in an inferior court. It is quite true that section 721 of the Code of Civil Procedure is applicable only to courts of record; but the amendment which the court made in Stuyvesant v. Weil was made, as stated in the opinion of the court, "in pursuance of the authority conferred by section 723 of the Code of Civil Procedure." That section is applicable to the Municipal Court of the City of New York. The history of section 723 of the Code, so clearly traced in the opinion of Mr. Justice LEHMAN, makes very clear the legislative purpose "to stop the sacrifice of things of real substance upon the altar of mere technicality." Stuyvesant v. Weil, supra, gave effect to this legislative purpose, and in so doing it brushed aside a mass of cases, which had so obscured the beneficent purpose of section 723 that for all practical purposes it might just as well not have been enacted. Stuyvesant v. Weil, supra, has cleared the way and made it possible to apply a rational rule to this case, which will prevent a

fraud from being successful and do justice to the plaintiff. Merely because of the error in the name of the defendant, we are not bound to turn this plaintiff out of court empty-handed, and to deny him the justice which he seeks.

The judgment appealed from should be affirmed, with costs.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The defendant Adolph Heymsfeld was served with a summons and complaint in an action which the plaintiff attempted to bring. The summons and complaint named Abraham Heymsfeld as the defendant. Abraham Heymsfeld was the deceased father of Adolph Heymsfeld. The action was for goods sold and delivered, and all the transactions which were the basis of the action were had with Adolph Heymsfeld, doing business under the name of A. Heymsfeld. Adolph Heymsfeld disregarded the service of the summons and complaint in which Abraham Heymsfeld was named as defendant, and failed to appear upon the return day. Thereupon the plaintiff presented an affidavit that the summons and complaint had been served upon Abraham Heymsfeld, the defendant named therein, and obtained a judgment against him. Thereafter Adolph Heymsfeld, as executor of Abraham Heymsfeld, moved to vacate this judgment, fearing that it might operate as a charge against the estate of Abraham Heymsfeld. Upon proof of these facts the trial justice directed or advised the plaintiff to make a counter motion for the amendment of the summons and complaint and the judgment, changing the name "Abraham" Heymsfeld to "Adolph" Heymsfeld, and then entered an order granting the counter motion. The defendant appeals from this order, on the ground that no power exists in the Municipal Court to make such an amendment.

If such power exists, it is by virtue of section 723 of the Code of Civil Procedure. That section in somewhat different form was originally section 149 of the "Act to simplify and abridge the practice, pleadings and proceedings of the courts of this state" (chapter 379 of the Laws of 1848):

"The court may at any time in furtherance of justice and on such terms as may be proper amend any pleading or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceeding to the facts proved, whenever the amendment shall not change substantially the cause of action or defense."

The history of this section is illuminative upon the intent of the Legislature, to which the courts must, if possible, give due effect. The act was the natural result of the democratic movement which had achieved such control of the Legislature and executive branches of the government that laws could fairly be said to be made and executed for the benefit of the people, and now sought to obtain the same result in the judicial branch by the abolition of technicalities which hampered the ideal administration of justice. The commissioners who framed that statute reported to the Legislature upon this part of the act that:

"No person under our system need be turned out of court or lose his remedy for variance of any kind. The first three sections provide for variances discovered at the trial, and the rest provide for a means of amendment of the most liberal character, as liberal, indeed, as we could devise."

In spite of the fact, however, that the system of amendment was as liberal as the commissioners could devise, they learned within a year that the construction of the statute rested upon a conservative body of judges, whose conception of an ideal justice was somewhat limited by their training in the technicalities of the law, and by their study of the opinions of the master minds of our jurisprudence, who saw in the intricate system of pleading and practice that had grown up under the common law a weave of perfect design. As a result, in 1849 the commissioners presented to the Legislature a second report (N. Y. Com'rs Report, p. 29, § 17), amending section 149 in the following respects: By inserting the words "or by correcting a mistake in the name of any party," which had been omitted from the original statute by clerical error, and by omitting the qualification "whenever the amendment shall not change substantially the cause of action or defense." The report states that this qualification—

"is now omitted in consequence of an erroneous construction given by one of the judges of the Supreme Court, by which the cause of action is construed to mean the relief demanded, instead of the injury which gave rise to the action. *There is so little danger of the courts going too far in allowing amendments that the qualification can be omitted without danger.*"

These amendments were enacted and became part of section 173 of the Code of 1849. It appears, however, that though in 1849 the Legislature thought that the qualification could be omitted without danger, after two years' experience or further thought it inserted again the omitted qualification. Act July 10, 1851, c. 479. In 1852 (Laws 1852, c. 392) the section was again amended to substantially the same form in which it at present exists, except for the amendment of 1879, which is not material to the question at present under consideration.

There is no doubt in my mind but that under this section the court has the widest possible powers of amendment of any pleading, process, or proceeding. There is, however, one necessary qualification, viz.: No court can order an amendment unless it has jurisdiction of the subject-matter and parties. Before the court can act in any way, it must acquire this jurisdiction.

"Comprehensive as is the scope of section 723 of the Code, it cannot embrace a case of which the court has not jurisdiction, nor make valid what is void." Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736.

In this case the defendant Adolph Heymsfeld has never appeared nor submitted to the jurisdiction of the court; for his motion, made as executor of Abraham Heymsfeld, cannot be regarded as an appearance in his individual capacity. The real question, therefore, in this case, is not whether the court has power under section 723 of the Code to permit the amendment in a summons of the name of the defendant, but whether the court has obtained any jurisdiction of the person of Adolph Heymsfeld by the service upon him of a summons and complaint in which the defendant is named as Abraham Heyms-

feld.  The plaintiff claims that this question has been authoritatively
decided by the Court of Appeals in the case of Stuyvesant v. Weil,
167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562.  Previous to that deci-
sion the trend of opinion in our courts was that no substantial amend-
ment in the name of a defendant in the summons could be made un-
less the defendant thereafter appeared.  The earlier cases were, how-
ever, swept away by that decision.

"Their foundations were laid long before sections 721 and 723 of the Code
came into existence, as marking features of a distinct legislative policy to
stop the sacrifice of things of real substance upon the altar of mere tech-
nicality, and hence a discussion of them can serve no useful purpose."

That decision, however, is not directly in point in regard to the
question before us.  In that case the action was brought in the Su-
preme Court, and in this case the action is brought in the Municipal
Court.  Aside from the differences recognized by our system of law
between the presumptions that can be made as to the jurisdiction of
courts of record and of courts not of record, section 721 of the Code
is expressly made applicable only to courts of record, and if by that
section the technicalities of the law are swept aside as to courts of
record, the statute fails to touch the courts of limited statutory ju-
risdiction.  While the Code provides that actions are commenced by
the service of a summons, section 721 provides that:

"In a court of record  *  *  *  the judgment shall not be stayed nor
shall any judgment of a court of record be impaired or affected by reason
of the following imperfections, omissions, defects, matters or things in the
process, pleadings or other proceedings: (1) For want of a summons or oth-
er writ; (2) for any fault or defect in process.  * . *  * "

This section of the Code appears for the first time in the Code of
1876.  It marks a distinct advance in the abolition of technicalities.
The earlier Code provided for the amendment of all errors, but left
open the question of when and how the court acquired jurisdiction.
The new provisions inserted in the Code of 1876 took note of the
fact that the courts still applied technical rules as to the manner in
which they obtained jurisdiction, and they destroyed these technicali-
ties in regard to the jurisdiction of courts of record.  Thereafter
courts of record could no longer consider whether or not a summons
was served upon the defendant in the manner provided by statute,
for the statute itself commanded that its judgments should not be
impaired by any defect in the summons, or even by the want of the
summons.  A court of record has jurisdiction, regardless of any tech-
nical omissions, provided the substantial right of the defendant to
be apprised of the proceedings and to contest them in court is pre-
served.  The jurisdiction of the Municipal Court is, however, lim-
ited, and is acquired only where the preliminary requirements of the
statute have been complied with.  In that court an action must be
begun by service of a summons "addressed to the defendant by name,
or if his name be unknown, by a fictitious name."  If we disregard
this provision of the statute, we disregard not only the technical but
well-established rules of the common law, but we also, in my opinion,
disregard the plain command of the Legislature.

In the case under consideration it appears from the affidavits presented in behalf of the plaintiff by his attorney:

"That all the transactions had herein were had with one A. Heymsfeld, of Nos. 79 and 83 Fifth avenue. Upon investigation, the City Directory showed that there was an Abraham Heymsfeld and an Adolph Heymsfeld at that address. That one of the letters written plaintiff in the controversy had, with regard to the sale of the goods, the subject of this action, probably with the intent to deceive the plaintiff and to mislead the plaintiff, was signed 'A. Heymsfeld, per Adolph Heymsfeld.' Deponent, not then aware that said Abraham Heymsfeld was dead, naturally concluded that the person who had purchased the goods was Abraham Heymsfeld, by reason of the signature at the foot of the aforesaid letter."

Upon this statement it clearly appears that the plaintiff knew of the existence of the defendant, Adolph Heymsfeld, and knew his name; but, deceived by his acts, he thought that he had a cause against another person, who was in fact no longer living. He served upon the defendant a summons, directed to a deceased person of another name, and not to this defendant. This defendant was apprised of the fact that the plaintiff was deceived as to the correct defendant, but not that an action had been begun against him. If the summons had contained merely an error in the name of the person to whom it was directed, possibly the court would have obtained jurisdiction over a defendant served with the summons, who was duly apprised that an action was begun against him in spite of the error in the name; but where the summons is directed by name to a person living or dead, actual or fictitious, and is served upon another person, the court fails to obtain jurisdiction in the action, for no summons has been served upon the defendant addressed to him by name.

The judgment and order should be reversed, with costs, and the complaint dismissed, without costs.