FLEISHNER v. SACKS.

(Supreme Court, Appellate Term, First Department.   March 7, 1913.)

PARTIES (§ 62*)—SUBSTITUTION—AMENDMENT.

Where a summons was made out in the name of a person whom it was plaintiff's intention to sue, but was served on another, it could not be amended to bring in the latter against his objection.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 98; Dec. Dig. § 62.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Otto Fleishner against Irving Sacks.  From judgment for plaintiff after trial of a traverse as to service of a summons, defendant appeals.  Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Edward P. Sobel, of New York City, for appellant.

Morris S. Hirschberg, of New York City, for respondent.

BIJUR, J.  It appears that the plaintiff took out a summons wherein the defendant was named as Paul Sacks.  This summons was served on his brother, Irving Sacks, though the plaintiff testifies he sent the bill for the goods in Paul Sacks' name because his dealings had been with Paul, and that he did not know that Paul was a salesman for Irving and that Irving was the principal.  On the contrary, he claims that the two brothers are the owners of the store.  On the return day of the summons, Irving Sacks filed an affidavit that he, and not Paul, had been served.  On the trial of the traverse of service, at an adjourned date, the above facts were brought out.  The court thereupon stated:

"I am giving judgment here against Irving.  He is the one served with the summons.  I am amending this summons to Irving instead of Paul.  Paul swears that he works for Irving."

Judgment was entered accordingly.

Where a summons is made out in the name of the person whom it was the intention of the plaintiff to sue, but is served on another person, the summons cannot be amended to bring in the latter against his objection.  Fassy v. Jacobs, 71 Misc. Rep. 145, 127 N. Y. Supp. 1062; Jacobsohn v. Semel (Sup.) 129 N. Y. Supp. 95; Corn v. Heymsfeld, 75 Misc. Rep. 478, 133 N. Y. Supp. 447.  Moreover, there appears to be no reason why at the trial of this traverse any judgment should have been rendered, nor was the testimony sufficient in any event to sustain this judgment.

Judgment reversed, with costs, and complaint dismissed, with costs.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes