(84 Misc. Rep. 382)

FISHER v. INDEPENDENT BROTHERS OF NIESHWEISER.

(City Court of New York, Special Term.    February, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE—MISNOMER OF CORPORATION—RIGHT TO OBJECT—WAIVER.

Under Municipal Court Act (Laws 1902, c. 580) § 177, providing that, in an action against a corporation, the defendant is deemed to have waived any mistake in the corporate name, unless the misnomer is pleaded in the defendant's behalf, where a corporation defendant's name was misspelled, and the proceedings were conducted in most part on papers using the misspelled name, and for five years the corporation repeatedly appeared in the action without objecting to the spelling of its name, and failed to take advantage of leave duly obtained for opening its default, and there is no doubt that the defendant served is the defendant against whom judgment was in fact rendered, a motion, based on such mistake, to vacate an order appointing a receiver of defendant's property, in proceedings supplementary to execution, will be denied.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. PARTIES (§ 95*)—MISNOMER—AMENDMENT.

Under Code Civ. Proc. § 723, authorizing the court "before or after judgment, in furtherance of justice, to amend any process, pleading, or other proceeding * * * by correcting a mistake in the name of a party," the court may grant an order amending and correcting the summons, judgment roll, and all subsequent proceedings by correcting a mistake in the spelling of defendant's name.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. § 95.*]

Action by Abraham Fisher against the Independent Brothers of Nieshweiser. Motion by defendant to set aside an order appointing a receiver of its property and assets. Motion denied, with permission to plaintiff to amend.

Kleiner & Kleiner, of New York City (Joseph Kleiner, of New York City, and Louis Smith, Jr., of counsel), for the motion.

Fischer & Solomon, of New York City, opposed.

RANSOM, J.   [1] This is a motion by the defendant and judgment debtor to set aside an order appointing a receiver of the property and assets of the judgment debtor. This order was duly made in Special Term, Part 1, of this court, and the attorneys for the Independent Brothers of Nieshwis appeared and were heard in opposition thereto. Now they move to set the resultant order aside, upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ground that there is no such corporation or organization as the Independent Brothers of N{*weiser*; that the correct name of the defendant debtor is Independent Brothers of NɄ*wis*; and that, inasmuch as suit was brought and the previous proceedings were conducted, in most part, under papers in which the name of the defendant was incorrectly spelled as Niesh*weiser*, this court had no jurisdiction over the defendant corporation, and consequently no power to appoint a receiver of the property and assets of the Independent Brothers of N̈iesh*wis*.

It was conceded upon the argument of the motion that the Independent Brothers of Niesh*wis* was in fact the corporate defendant against whom the plaintiff's alleged cause of action was directed, and that there neither is nor was in existence any corporation or organization whose name is spelled *Nish*weiser or *Nish*wis. The facts as to the service of process and subsequent proceedings are, briefly, these: The action was brought in 1908, in the Municipal Court for the Second district of Manhattan. The cause of action was based upon the breach of a lease of certain real property owned by the plaintiff and rented for social and religious purposes by the Independent Brothers of Nieshwis. The summons and complaint spelled the name of the defendant as "Nishweiser." They were served on Louis Smith, who was concededly a member of the defendant corporation, the Independent Brothers of Nieshwis, and was stated in the affidavit of service to be also the president thereof. It may be noted that the Louis Smith, on whom process was served, was the father of Louis Smith, Jr., the managing clerk of the defendant's attorneys, who appeared for the Independent Brothers of Nieshwis upon the present motion. There is no question in the case but that the service which was made of the process in this case fully apprised the Independent Brothers of Nieshwis that it was the defendant intended to be served; that the Independent Brothers of Nieshwis thereupon took steps for the protection of its rights in the matter; and that all subsequent proceedings up to the application for a receivership have been as though the name of the defendant corporation had been correctly spelled in the caption of the summons and complaint.

Upon the return day of the summons, a special notice of appearance was filed by the defendant's attorney, who stated that he filed it and appeared in behalf of the "Independent Brothers of Neshwish," for the purpose "of traversing the return herein, * * * and for the purpose aforesaid only." The claim was made that service upon the said Louis Smith was not an effectual service upon the defendant, a membership religious corporation. No claim or plea of misnomer or incorrect spelling was made at that time, or at any time down to the application for a receivership, although the Independent Brothers of Nieshwis continuously appeared in proceedings in the action. No claim was or is made but that the party at bar was the one intended to be sued, nor was there any denial that the said Louis Smith was served with the summons and complaint in the action and duly brought it to the attention of the organization of which he was claimed to be

the president. Upon the return day the defendant's attorney appeared in the Municipal Court, and adjournment was taken for the trial of the traverse as to the adequacy of the service. On the adjourned date, the defendant's attorney again appeared, the traverse was denied, and the service upon Louis Smith held good service upon the defendant, and judgment was entered on May 19, 1908, in favor of the plaintiff against the "Independent Brothers of Nishweiser."

On June 5, 1908, the Independent Brothers of Nieshwis, by its present attorneys, who described themselves as "attorneys for the defendant judgment debtor," moved for an order vacating and setting aside the judgment obtained against it on May 19, 1908. No suggestion of misnomer of the defendant appears to have been made upon the motion, but the assertion was renewed that service upon Louis Smith was no proper service upon that kind of a corporation, and the defendant asked that, inasmuch as its previous default had been permitted upon that theory, the default should be opened and a trial of the merits had. The motion to open the default was granted, on condition that the defendant, within five days, file a bond to secure the plaintiff in any judgment which he might recover in the action. This bond was never filed, and no other steps to set aside the judgment have been taken. In October, 1913, the plaintiff resorted to supplementary proceedings to enforce its judgment, and in January, 1914, obtained the appointment of a receiver, upon due notice to the Independent Brothers of Nieshwis, whose attorneys again appeared in court in opposition thereto.

I am clear that the motion to vacate the appointment of a receiver should be denied. The denial of the traverse, and the failure of the defendant to take steps for the review or reconsideration of that denial, disposed of the question of the adequacy of the service upon Louis Smith; and, assuming that the service upon Louis Smith was good service upon the defendant, the Municipal Court had jurisdiction of the defendant. Whatever may be the variance in spelling between "Nieshwis," and "Nieshweiser," there is no denial that the defendant, which has appeared repeatedly in this case, and now appears upon this motion, is the defendant against whom plaintiff's cause of action is directed, and that, when the summons and complaint in the action were served, the Independent Brothers of Nieshwis became fully aware that it was the corporation being sued, thereafter acted accordingly, and has never taken any previous steps to avail itself of this misspelling. The Independent Brothers of Nieshwis has repeatedly treated itself as the defendant in the action in which the defendant's name was spelled "Nieshweiser" or "Nishweiser," and has failed to point out that misspelling on occasions when such a course might have been effectual. After the lapse of nearly five years, in which the Independent Brothers of Nieshwis has repeatedly appeared in this action, has repeatedly failed to raise this question of variance in spelling, and has failed to take advantage of leave duly obtained for the opening of its default, this court should not now permit the defendant to attack the plaintiff's judgment in this collateral way, and claim that the court was without jurisdiction to appoint a receiver of the defendant.

Section 177 of the Municipal Court Act (Laws 1902, c. 580) provides that:

"In an action or special proceeding brought by or against a corporation, the defendant is deemed to have waived any mistake in the statement of the corporate name, unless the misnomer is pleaded in the answer or other pleading in the defendant's behalf."

In Whittlesey v. Frantz, 74 N. Y. 456, the correct name of the corporation sued was "the Excelsior Hay Carrier Company of Rochester, N. Y." The action had been brought against "the Excelsior Hay Carrier Company"; judgment had been taken by default against the defendant so named, execution had been issued, and returned unsatisfied, and a receiver appointed of the property of "the Excelsior Hay Carrier Company of Rochester, N. Y." The Court of Appeals held that the company, "by not appearing and pleading the misnomer in abatement, waived any objection on that ground to the validity of the judgment," saying further that:

"The objection is waived unless pleaded, and this as well when the corporation suffers a default as when it appears and answers. * * * The judgment was therefore a valid judgment against the company, notwithstanding the misnomer, and, if it had appeared upon the hearing of the petition, it could not have resisted the appointment of a receiver upon the objection now taken."

This salutary rule, which clearly makes for the elimination of technicalities and superficialities from our procedure, has been more recently applied by the Appellate Division for the First Department in the case of McNeal v. Hayes Machine Co., Inc., 118 App. Div. 130, 103 N. Y. Supp. 312, in which the defendant had appeared and answered under the name contained in the summons without pleading or suggesting that its correct corporate name was something else. A judgment entitled as against the "Hayes Machine Co., Incorporated," was held by the court to be an effective judgment against the "John J. Hayes Machine Company"; the latter being the correct name of the corporate defendant. I see no reason why the principle of estoppel invoked by the court in that case should not be applied to the case at bar, in view of the course thus far pursued by the defendant. The rule of some earlier cases that, where the incorrectly named defendant has ignored the proceedings based upon such process, a judgment recovered on default may be satisfied only against the defendant actually named, and not the defendant intended to be named (Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736; Produce Bank v. Morton, 67 N. Y. 199), should not be held applicable to a case in which the defendant has pursued the course here disclosed.

The Municipal Court proceedings appear to have been conducted on the principle of approximation in the sound, rather than exactness in the spelling (Sporza v. German Savings Bank, 119 App. Div. 172, 104 N. Y. Supp. 260), of the name of the party defendant. At no time did this defendant ever question that it was the defendant in the case, or suggest that the errors in spelling entitled it to any right of objection to the proceedings had. In fact, the defendant itself appears never to have been exact or uniform in its own spelling of its

own name. The certificate of incorporation, filed in December, 1899, spelled the name Nieshwis. In the defendant's original notice of appearance specially in the action, it spelled its name as "Neshwish." In January, 1914, its attorneys signed a stipulation in which the name was given as "Nishweiser." On January 10, 1914, Mr. Joseph Kleiner, of the firm of the defendant's attorneys, verified and submitted to the court an affidavit in which he stated the name to be "Nishweis." His verified moving papers one month later, upon the motion to vacate the receivership, states the name to be "Nieshwis"; this being the first time that even the defendant's attorneys spelled the name correctly. It is small wonder that the plaintiff's attorney and the Municipal Court clerks were guilty of a similar lapse in spelling. To grant this motion now would be to permit this defendant to make a mockery of procedure designed for the protection of individual rights and the orderly determination of litigation.

The denial of the defendant's motion is in accordance with the rule of action declared by the Court of Appeals in the case of Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562, in which Mary J. Stockton was named in the summons and complaint as Emma J. Stockton, and an order was made, under section 723 of the Code of Civil Procedure, amending the summons and complaint so as to correctly state the given name of the party sued. The Court of Appeals held this amendment was properly granted, and that the court below had jurisdiction to render judgment against Mary J. Stockton, saying, in part:

"We cannot concur with a view that insists upon it that any error appearing in a summons in the name of a defendant prevents the court from acquiring jurisdiction of such defendant, notwithstanding he was fully apprised, when service of the summons was made upon him, that he was the party intended to be named therein and affected thereby, a view directly antagonistic to both the letter and the spirit of sections 721 and 723 of the Code. * * * *The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him* so that he may take such steps as may seem advisable to protect his interests; and, in order to assure its coming to his attention, the statute requires personal service of the summons to be made when it is possible to do so. It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and *in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and, if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction.* In our judgment the facts disclosed by this record permit only one answer to the question, Was Mary J. Stockton fairly apprised by the summons and complaint served upon her that the object of the action was to foreclose a mortgage upon the premises owned by her? viz., that she was. That being so, it follows that it was the duty of the court, when applied to, to hold that jurisdiction had been acquired, and thereupon to grant such amendments in furtherance of justice as the statute authorized."

The above-quoted rule of Stuyvesant v. Weil is fairly applicable to the case at bar.

[2] As there is no doubt (1) that the corporate defendant, who was served with process, is the corporate defendant against whom the cause of action was directed, and is the defendant against whom judgment

was in fact rendered, (2) that the corporate defendant was, by the service of process, duly apprised that it was the defendant against whom it was intended to bring suit, and the defendant thereupon took steps for its legal protection, and (3) that the mistake in the spelling of the defendant's name was due to a mistake in putting on paper an unfamiliar succession of vowels and consonants in a foreign tongue, a similarity in sound rather than identity in spelling being secured, it remains to consider what action, if any, should be taken to correct the mistake and clear away the procedural entanglement upon which the defendant relies.  I believe that permission should be given for the correction of this mistake in spelling the corporate name, under the ample authority conferred by section 723 of the Code of Civil Procedure, which is expressly made applicable to Municipal Court judgments.  Mun. Ct. Act, § 20; Code of Civ. Pro. § 3347, subd. 6. Section 723 in terms authorizes the court, "before or after judgment, in furtherance of justice, * * * amend any process, pleading, or other proceeding, * * * by correcting a mistake in the name of a party."  The legislative purpose in the enactment of section 723 was, as the Court of Appeals has declared, "to stop the sacrifice of things of real substance upon the altar of mere technicality"; and the case at bar seems clearly one in which the "furtherance of justice" requires that section 723 be construed and applied to that end.  The plaintiff herein is accordingly authorized to present an order amending and correcting the summons, judgment roll, and all subsequent proceedings in this action, by making the name of the defendant read "Independent Brothers of Nieshwis," rather than "Independent Brothers of Nieshweiser."  In reaching this conclusion, I am fortified by the action of the Appellate Term in the case of Corn v. Heymsfeld, 75 Misc. Rep. 478, 133 N. Y. Supp. 447, leave to appeal to Appellate Division refused, decided in January, 1913, in which the Appellate Term, in a convincing opinion by Mr. Justice Seabury, upheld a similar amendment of the name of the defendant against whom a Municipal Court judgment had been entered.  The caption of the summons and complaint stated the defendant to be one "Abraham Heymsfeld," whereas the person to whom the goods in suit were sold was one Adolph Heymsfeld, who was the son of Abraham Heymsfeld, and was doing business under the name of "A. Heymsfeld."  Service was made on Adolph Heymsfeld, and Abraham Heymsfeld had in fact died before suit was brought.  The plaintiff had never sold goods to Abraham Heymsfeld, but had sold goods to Adolph Heymsfeld.  After judgment had been entered for the plaintiff, the latter was permitted to amend the name of the defendant from "Abraham" to "Adolph." In an opinion upholding that amendment and correction of the judgment roll, Mr. Justice Seabury pointed out in some detail that the decision of the Court of Appeals in Stuyvesant v. Weil, supra, had given effect to the legislative purpose in enacting section 723, and that:

"In so doing it brushed aside a mass of cases which had so obscured the beneficent purpose of section 723 that for all practical purposes it might just as well not have been enacted.  Stuyvesant v. Weil, supra, has cleared the way and made it possible to apply a rational rule to this case, which will prevent a fraud from being successful and do justice to the plaintiff. Merely be-

cause of the error in the name of the defendant, we are not bound to turn this plaintiff out of court empty-handed and to deny him the justice which he seeks."

The motion of the defendant to vacate the order appointing a receiver is accordingly denied, with $10 costs of the motion. Permission is also given to the plaintiff to enter herein a suitable order under section 723 of the Code, correcting the mistake in the spelling of the name of the defendant and inserting the correctly spelled corporate name.

Ordered accordingly.