(85 Misc. Rep. 18)

### BELL v. EASTMAN.

(Supreme Court, Appellate Term, First Department.    April 14, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURT—JUDGMENT—AMENDMENT OR CORRECTION.

Whatever power the Municipal Court of the City of New York may have to amend the name of a defendant in the judgment and other papers in an action is derived from Code Civ. Proc. § 723, authorizing courts before or after judgment to amend any process, pleading, or other proceeding by adding or striking out the name of a person or by correcting a mistake in the name of a party, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,. 458; Dec. Dig. § 189.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEALS—ORDERS APPEALABLE.

Under Municipal Court Act (Laws 1902, c. 580) § 257, authorizing appeals from certain orders, an appeal does not lie from an order denying plaintiff's motion, after judgment, to amend the name of defendant in the judgment and other papers; such order not being one of those enumerated in the section, and there being no jurisdiction to review orders of the Municipal Court other than those enumerated.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Bessie Bell against Max Eastman. From an order denying plaintiff's motion to amend the name of the defendant in the judgment and all other papers in the action, plaintiff appeals. Appeal dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Louis J. Gold, of New York City, for appellant.
Hogan & Ramirez, of New York City, for respondent.

LEHMAN, J.  The plaintiff appeals from an order denying her motion to amend "the judgment and all other papers in this action so that the name of the defendant shall read Max Eastman, also known as Max Eiseman." The motion was made almost a year after the entry of judgment.

[1, 2] Whatever power the court may have to make such an amendment is derived from section 723 of the Code of Civil Procedure.  See Corn v. Heymsfeld, 75 Misc. Rep. 478, 133 N. Y. Supp. 447.  We have frequently had occasion to point out that the jurisdiction of this court to review the judgment and orders of the Municipal Court is wholly statutory, and, where the order appealed from is not one of those enu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

merated in section 257 of the Municipal Court Act (Laws 1902, c. 580), the appeal must be dismissed. It is quite clear that the order now under consideration is not one of the orders enumerated in that section.

It is urged that Corn v. Heymsfeld, supra, is authority for the view that an appeal does lie from an order made under section 723 of the Code. In that case, however, the appeal was taken from the judgment and order, and an appeal from a judgment brings up for review an intermediate order which is specified in the notice of appeal, and necessarily affects the judgment. Section 310 of the Municipal Court Act. The decision in that case provides for the affirmance of the judgment, though the only point considered was the validity of the order which necessarily affected the judgment.

It follows that the appeal should be dismissed, without costs. All concur.