■ In the Matter of B. ALTMAN & COMPANY, Respondent-Appellant, v CITY OF WHITE PLAINS et al., Appellants-Respondents. — In a consolidated proceeding pursuant to article 7 of the Real Property Tax Law, the parties cross-appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered July 7, 1980, which reduced the assessments for each of the years in issue and failed to grant petitioner's application to conform the pleadings to the proof. Judgment modified, on the law, petitioner's application is granted and the assessed valuations are reduced as follows:

| YEAR | IMPROVEMENT | LAND | TOTAL |
|------|-------------|------|-------|
| 1976 | $811,922 | $1,598,846 | $2,410,768 |
| 1977 | 746,495 | 1,689,255 | 2,435,750 |
| 1978 | 781,070 | 1,783,103 | 2,564,173. |

As so modified, judgment affirmed, with costs to petitioner, and case remitted to Special Term for entry of an appropriate amended judgment. For each of the years under review the subject property was assessed as follows:

| LAND | BUILDING | TOTAL |
|------|----------|-------|
| $513,000 | $3,580,800 | $4,093,800. |

Special Term's decision notes that: "The parties have stipulated that the appropriate ratio between market value and assessed valuation for the year 1978 is 37.12%. By order of this Court (Sullivan, J.) dated November 6, 1978, the ratio to be applied for the year 1976 is 37.20% and for the year 1977 is 37.12%." After trial Special Term rendered the following findings as to fair market values and assessed valuations:

"YEAR: 1976 ***

| "TOTAL INDICATED MARKET VALUE OF PROPERTY | $6,480,561.00 |
|---|---|
| "INDICATED ASSESSED VALUATION AT ASSESSMENT RATIO OF 37.20% | |
| "Improvement | 811,922.00 |
| "Land | 1,598,846.00 |
| "Total | $2,410,768.00 |

"YEAR: 1977 ***

| "TOTAL INDICATED MARKET VALUE OF PROPERTY | $6,561,829.00 |
|---|---|
| "INDICATED ASSESSED VALUATION AT ASSESSMENT RATIO OF 37.12% | |
| "Improvement | 746,495.00 |
| "Land | 1,689,255.00 |
| "Total | $2,435,850.00 [sic, the correct total is $2,435,750] |

"YEAR: 1978 * * *

| "TOTAL INDICATED MARKET VALUE OF PROPERTY | $6,907,796.00 |
|---|---|
| "INDICATED ASSESSED VALUATION AT ASSESSMENT RATIO OF 37.12% | |
| "Improvement | 781,070.00 |
| "Land | 1,783,103.00 |
| "Total | $2,564,173.00". |

We conclude that Special Term's findings were fully supported by the evidence and based on correct application of the pertinent principles of law and would require that on the appeal by the city, its assessor and board of review, we sustain and affirm the indicated market values of the property and indicated assessed valuations set forth in Special Term's decision. However, Special Term further reasoned: "Under the rule laid down in *Application of Singer v. The Village of Pleasantville and the Town of Mt. Pleasant,* 56 AD 2d 655, the petitioner is limited to the reductions demanded in the petitions which are as follows:

| "YEAR | ASSESSED VALUE DEMANDED |
|---|---|
| 1976 | $3,500,000.00 |
| 1977 | $3,000,000.00 |
| 1978 | $2,000,000.00 |

"Accordingly, the Court will order reduction in assessed valuation for the years in question as follows:

| "YEAR | REDUCED ASSESSED VALUATION |
|---|---|
| 1976 | $3,500,000.00 |
| 1977 | $3,000,000.00 |
| 1978 | $2,564,173.00". |

Special Term's decision was rendered on June 26, 1980 and the judgment thereon was entered July 7, 1980. On April 9, 1981, i.e., while these cross appeals were pending in this court, the Court of Appeals decided *W. T. Grant Co. v Srogi* (52 NY2d 496). The court there held (p 513):

"It has long been the rule that the primary purpose of the tax petition is to give notice to the taxing authority so that it may take such steps as may be advisable to defend the claim. *(Stuyvesant v Weil,* 167 NY 421, 425; *Foley v D'Agostino,* 21 AD2d 60, 62-63.) That being the case, where adequate notice has been given, we see no good reason to adhere blindly to a rule which precludes a court from granting the relief justified by the proof. Aside from being prevented from collecting a tax which has been found to be excessive, the commissioner has not alleged, let alone proven, any prejudice suffered by the city as a result of the assessments being reduced below the amounts requested in the petitions. It is consistent with the general purpose of these proceedings and with the legislative mandate that property not be assessed in excess of full value that relief not be limited to the reduction claimed in the petition. Thus, we hold that where the evidence establishes a value lower than that alleged in

the petition, a court can reform the petition to conform with the proof and order the appropriate reduction.[2]"

"2. In response to the dissent, few comments are in order. Inasmuch as the present appeals involve assessment review proceedings pursuant to article 7 of the Real Property Tax Law, we do not reach and, therefore, need not consider the rule in ordinary civil cases which prohibits recovery in excess of the *ad damnum* clause of the complaint. Nor do we suggest that in a tax review proceeding the values alleged in the petition are meaningless or that relief is to be granted regardless of the prejudice suffered by the respondent taxing authority. Rather, we merely hold that, under the facts of this case, reformation of the petitions to conform with the proof was a remedy which was within the court's power to grant and which was not affected by any error of law." Under these circumstances, we conclude that on petitioner's cross appeal Special Term's above "Reduced Assessed Valuation[s]" must be further reduced to Special Term's above-specified "Indicated Assessed Valuation[s]". Petitioner's trial motion to amend its pleadings to conform to the evidence it adduced should have been granted. The judgment is modified accordingly. Mollen, P. J., Cohalan, Margett and O'Connor, JJ., concur.